274 N.J. Super. 37 (1994)
643 A.2d 29
SHEILA WEISS, PLAINTIFF-APPELLANT,
v.
DEBRA A. THOMAS, JOHANNA M. EWALD AND/OR JOHANNA M. KROKER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 19, 1994.
Decided June 9, 1994.
*39 Before Judges PRESSLER, BROCHIN and KLEINER.
Leonard & Leonard, attorneys for appellant (Steven Mark, on the brief).
O'Donnell, Kennedy, Vespole, Piechta & Trifiolis, attorneys for respondents (Michael C. Trifiolis, of counsel; Joseph A. Reardon, III, on the brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
Plaintiff Sheila Weiss, a North Carolina resident, alleges that she suffered personal injuries on February 25, 1989, when an automobile in which she was a passenger collided with another *40 automobile that was owned by defendant Johanna M. Ewald and that was being driven by defendant Debra A. Thomas.
The accident occurred in New York. The automobile in which plaintiff was riding was owned and was being operated by her daughter, who was a New Jersey resident. Both that automobile and the automobile with which it collided were registered in New Jersey.
Ms. Weiss sued Ms. Thomas and Ms. Ewald to recover damages for her injuries. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had not met the threshold requirements of N.J.S.A. 39:6A-8a. In opposing the motion, plaintiff argued that N.J.S.A. 39:6A-8a was inapplicable to this case because she was a North Carolina resident and the accident happened in New York. She also contended that she had met the statutory threshold requirements.
The Law Division held that plaintiff was subject to the verbal threshold requirements of N.J.S.A. 39:6A-8a and that she had not shown any facts which would allow a trier of fact to conclude that she had met the threshold. The court therefore granted summary judgment dismissing the complaint.
Plaintiff has appealed, arguing the same points before us that she did in the trial court.
To determine whether the plaintiff in the present case is subject to the verbal threshold requirement, we start with an analysis of the language of N.J.S.A. 39:6A-8a and -8b. The portions of that statute which we quote below were adopted by L. 1988, c. 119, § 6, and became effective January 1, 1989. N.J.S.A. 39:6A-8 was significantly amended by L. 1990, c. 8, § 9, which became effective March 12, 1990. We will point out the effect of that amendment after we have discussed the provisions of N.J.S.A. 39:6A-8 which have remained unchanged.
Our analysis will be facilitated by viewing the corresponding provisions of subsections "a" and "b," side by side. Each material provision of either of the two subsections which does not have a *41 substantially identical counterpart in the other has been underlined.

 Subsection a Subsection b
 As an alternative to the basic
 tort option specified in subsection
 a. of this section,
 Every owner, registrant, operator every owner, registrant, operator,
or occupant of an automobile or occupant of an automobile
to which section 4 of to which section 4 of
P.L. 1972, c. 70 (C. 39:6A-4), P.L. 1972, c. 70 (C. 39:6A-4)
personal injury protection
coverage, regardless of fault,
applies, and every person or applies, and every person or
organization legally responsible organization legally responsible
for his acts or omissions, for his acts or omissions,
is hereby exempted from tort shall be liable for noneconomic
liability for noneconomic loss loss
to a person who is subject to to a person who is subject to
this subsection and who is either this subsection and who is either
a person who is required a person who is required
to maintain the coverage mandated to maintain the coverage mandated
by this act, by P.L. 1972, c. 70 (C.
 39:6A-1 et seq.)
or is a person who has a right or is a person who has a right
to receive benefits under section to receive benefits under section
4 of P.L. 1972, c. 70 (C. 4 of that act (C. 39:6A-4),
39:6A-4),
as a result of bodily injury, as a result of bodily injury,
arising out of the ownership, arising out of the ownership,
operation, maintenance or use operation, maintenance, or use
of such automobile in this of such automobile in this
State, unless that person has State.
sustained a personal injury
which results in death. ....

First of all, the only defendants subject to no-fault liability under either subsection "a" or "b" are an "owner, registrant, operator or occupant of an automobile to which" personal injury protection coverage applies, and "every person ... legally responsible *42 for his acts or omissions." N.J.S.A. 39:6A-8. The defendants in this action concededly fall within that category.
Secondly, whether such a defendant is liable only for noneconomic loss that meets the threshold requirements of subsection "a" or is liable for all noneconomic loss pursuant to subsection "b" depends on certain characteristics of the plaintiff. The first such determinative characteristic is whether the plaintiff "is subject to this subsection;" that is, to either subsection "a" or "b." If a plaintiff is a named insured under a New Jersey automobile liability policy, he or she will have selected, or be deemed to have selected, either the verbal threshold or the full coverage tort option when purchasing the policy. The spouse, child, or spouse of a child living in the same household as the named insured and not named as an insured under another policy is bound by the named insured's selection of coverage. N.J.S.A. 39:6A-8.1. If a plaintiff is a named insured or a family member who is bound by the named insured's coverage selection, the plaintiff "is subject" to the subsection, either N.J.S.A. 39:6A-8a or -8b, according to the tort coverage option which has been selected.
However, subsection "a" and subsection "b" each provide that a defendant is liable pursuant to the provisions of that particular subsection only to a plaintiff who is "subject to" that subsection and who, in addition, is either a person "required to maintain [personal injury protection] coverage mandated by" the New Jersey Automobile Reparation Act, N.J.S.A. 39:6A-1 to -35, or "is a person who has a right to receive benefits under" N.J.S.A. 39:6A-4. A person is required to maintain the specified automobile liability coverage if he or she is the "owner ... of an automobile registered or principally garaged in this State." N.J.S.A. 39:6A-3; see also N.J.S.A. 39:6B-1 and -2; cf. Stewart v. Nationwide Ins. Co., 171 N.J. Super. 457, 410 A.2d 48 (App.Div. 1979), certif. denied, 82 N.J. 302, 412 A.2d 807 (1980). A person has "a right to receive benefits" under N.J.S.A. 39:6A-4, that is, personal injury protection benefits, if he or she is a

*43 named insured [or] member[] of his family residing in his household who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or as a pedestrian, caused by an automobile or by an object propelled by or from an automobile, to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with the permission of the named insured, [or a] pedestrian[], sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.
[N.J.S.A. 39:6A-4.]
The plaintiff in the present case is not "subject to" either N.J.S.A. 39:6A-8a or -8b because she is not a named insured under a New Jersey automobile liability policy and, at the time she was injured, she did not live in the same household as a named insured under such a policy. See N.J.S.A. 39:6A-8.1. She is a person who has "the right to receive [PIP] benefits" because she was injured while occupying an automobile. But because she was not also "subject to" either N.J.S.A. 39:6A-8a or -8b, neither of those subsections determines whether her personal injury claim is subject to the verbal threshold.
The provision of N.J.S.A. 39:6A-8 which determines whether plaintiff in this case is subject to the verbal threshold requirement of subsection "a" or to the full coverage option of subsection "b" is the first unnumbered paragraph following subsection "b." When the plaintiff in the present case sustained her injury, this paragraph read as follows:
The tort option provisions of subsection a. of this section shall also apply to the right to recover for noneconomic loss of any person eligible for benefits pursuant to [N.J.S.A. 39:6A-4] but who is not required to maintain personal injury protection coverage and is not an immediate family member, as defined in [N.J.S.A. 39:6A-8.1], under an automobile insurance policy.
[Emphasis added.]
"Immediate family member" is defined in N.J.S.A. 39:6A-8.1 to include only specified family members residing in the same household as the named insured. The plaintiff in this case meets all of the criteria of the quoted paragraph. She is therefore subject to the verbal threshold provisions of subsection "a" of N.J.S.A. 39:6A-8. Cf. Murphy v. Allstate, 252 N.J. Super. 280, 283-85, 599 A.2d 916 (App.Div. 1991).
*44 Effective March 12, 1990, "subsection b" was substituted for "subsection a" in this last quoted paragraph of N.J.S.A. 39:6A-8. If the automobile accident which is the subject of this suit had occurred after that date, plaintiff would have been entitled to the full tort coverage provisions of subsection "b" and would not have been subject to the verbal threshold requirements of subsection "a."
There is another statutory section which we need to refer to, N.J.S.A. 17:28-1.4. That section states in part:
Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage ... shall include in each policy coverage to satisfy at least the liability insurance requirements of [N.J.S.A. 39:6B-1] or [N.J.S.A. 39:6A-3] ... whenever the automobile or motor vehicle insured under the policy is used or operated in this State.
Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured, and any immediate family member as defined in [N.J.S.A. 39:6A-8.1], under that policy, shall be subject to the tort option specified in subsection a of [N.J.S.A. 39:6A-8].

[Emphasis added.]
Read literally, the second paragraph of N.J.S.A. 17:28-1.4 seems to mean that even if plaintiff had sustained her injury after the 1990 amendment of N.J.S.A. 39:6A-8, she would still have been subject to the verbal threshold if her North Carolina automobile liability insurance policy was issued by an insurer which, directly or indirectly, transacts business in New Jersey or is authorized to do so. However, that is not what the section means. Under N.J.S.A. 17:28-1.4, a named insured, in the words of the statute, "shall be subject to the tort option specified in subsection a. of [N.J.S.A. 39:6A-8]" only if her "liability insurance policy [is] subject to" N.J.S.A. 17:28-1.4. That policy, issued to a North Carolina resident, would be "subject to this section" only in the event that the insured became entitled to indemnification or other benefits from her insurer under that policy as the result of an event which, unlike plaintiff's New York accident, occurred in New Jersey. Cf. Dyszel v. Marks, 6 F.3d 116, 126-27 (3rd Cir.1993); *45 D'Orio v. West Jersey Health Systems, 797 F. Supp. 371, 373-74 (D.N.J. 1992); Adams v. Keystone Ins. Co., 264 N.J. Super. 367, 370-74, 624 A.2d 1008 (App.Div. 1993); Watkins v. Davis, 259 N.J. Super. 482, 490-91, 614 A.2d 189 (Law Div. 1992), aff'd, 268 N.J. Super. 211, 633 A.2d 112 (App.Div. 1993); Allstate Ins. Co. v. McNichol, 420 Pa.Super. 571, 617 A.2d 333, 335-36 (1992); Smith v. Firemens Ins. Co., 404 Pa.Super. 93, 590 A.2d 24, 25-27 (1991), appeal denied, 529 Pa. 669, 605 A.2d 334 (1992).
Since plaintiff is subject to the verbal threshold of N.J.S.A. 39:6A-8a, we turn next to her alternative argument. She contends that defendants were not entitled to summary judgment because she has shown facts from which, if they are proved at trial, a jury could find that she has met the verbal threshold. See Oswin v. Shaw, 129 N.J. 290, 318-19, 609 A.2d 415 (1992). She alleges that these facts tend to show "permanent loss of use of a body organ, member, function or system;" "permanent consequential limitation of use of a body organ or member;" or "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment."
Plaintiff claims "permanent" injury to her back. Clearly, however, she has not lost the "use" of her back. She also claims "permanent consequential limitation" of the use of her back. The medical testimony in support of that claim is a letter from her attorney which confirms an oral report made by a physician who examined plaintiff on April 8, 1993, presumably in order to provide information to rebut defendants' motion. In terms paralleling the statute, the letter relates a physician's opinion that plaintiff has suffered injuries which pass the verbal threshold. This opinion is said to be based on "the objective findings of the Kin Com test which evaluates the entire back as well as your physical findings." From material included in the appendix, we infer that the Kin *46 Com test measures the force which a patient can exert using her lower back muscles. However, no evidence was submitted to the motion judge or to us to explain the operation of the test or to show that its results are objective. Since the test requires volitional action on the part of the patient, we conclude that plaintiff has not presented evidence to show that it provides the objective evidence of injury required by Oswin.
Plaintiff testified on depositions that she suffered from pain and discomfort in her upper back and shoulders and some stiffness in her neck. She said that during the 90 days following the accident, the pain was "terrible" and she implied that the pain and discomfort lessened thereafter. (We have not been told the date of the depositions.) She took prescription and nonprescription pain medicines for relief.
Plaintiff also testified that she lost partial days from work because she could not sit all day. However, she was not absent from work for any entire days. She also had to postpone for several months the overseas travel which her former job required. For reasons unrelated to her accident, plaintiff changed jobs. When her deposition was taken, she was working for herself as a consultant. That work required air travel in the United States. Air travel continued to cause plaintiff discomfort because it required her to sit for long periods. For six months to a year, perhaps longer when she was traveling, plaintiff wore a hard collar to support her neck, but she no longer wore it at the time of the deposition.
On the basis of this record, plaintiff has failed to show by objective evidence that her injuries fell within one of the nine statutory categories enumerated in N.J.S.A. 39:6A-8a or that they had the substantial impact on her life which is required to pass the verbal threshold. Cf. Puso v. Kenyon, 272 N.J. Super. 280, 284, 639 A.2d 1120 (App.Div. 1994) (doctor's report which indicated limitation in range of neck and back motion, without verification, *47 deemed insufficient to establish objective proof of injury and consequent disability).
The judgment appealed from is therefore affirmed.