281 N.J. Super. 162 (1995)
656 A.2d 1282
ELIZABETH ANNE BEAUGARD, PLAINTIFF-APPELLANT/CROSS-RESPONDENT,
v.
CHRISTINA JOHNSON, DEFENDANT-RESPONDENT/CROSS-APPELLANT, AND NORTH HUNTERDON REGIONAL BOARD OF EDUCATION, NORTH HUNTERDON REGIONAL HIGH SCHOOL, MARILYN KARVANICK, THOMAS JOHNSON AND JOHN DOE AND JANE DOE (SAID NAMES BEING FICTITIOUS, TRUE NAME NAMES UNKNOWN), DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1995.
Decided April 20, 1995.
*165 Before Judges KING, MUIR, Jr. and EICHEN.
Andrew A. Patriaco argued the cause for appellant/cross-respondent (Melli & Wright, P.C., attorneys; Mr. Patriaco, on the brief).
John B. D'Alessandro argued the cause for respondent/cross-appellant (Sellar, Richardson, Stuart & Chisholm, P.C., attorneys; Mr. D'Alessandro, on the brief).
The opinion of the court was delivered by EICHEN, J.S.C. (temporarily assigned).
Plaintiff, Elizabeth Anne Beaugard, appeals from a summary judgment dismissing her motor vehicle negligence personal injury action against defendant Christina Johnson (defendant). The motion judge determined plaintiff was bound by the verbal threshold option elected by her father in his automobile liability policy. She resided in her father's household. Because she had failed to meet the verbal threshold, N.J.S.A. 39:6A-8a, in New Jersey's no-fault automobile-insurance statute, N.J.S.A. 39:6A-1 to 35, defendant was entitled to judgment as a matter of law.
On appeal, plaintiff contends she is not bound by the verbal threshold election in her father's policy. She contends she was not entitled to collect personal injury protection ("PIP") benefits *166 under N.J.S.A. 39:6A-4 as she was an occupant of a commercial vehicle, and, therefore, defendant cannot assert the verbal threshold defense set forth in N.J.S.A. 39:6A-8a against her. She also contends that even if we determine she is bound by the verbal threshold, there is sufficient objective medical evidence in the record to satisfy the requirements of the verbal threshold statute. See Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992).
Our review of the record and applicable law persuades us the motion judge erred in concluding plaintiff was subject to the verbal threshold provisions of her father's policy. We reverse the summary judgment. Accordingly, we need not decide the Oswin issue or the cross-appeal.
On May 4, 1990, plaintiff, then age fifteen, suffered personal injuries in an intersection accident when the school bus on which she was a passenger collided with a motor vehicle operated by defendant. Defendant allegedly failed to observe a stop sign and collided with the bus. As a result of the impact, plaintiff was thrown from her seat and struck and injured her left shoulder and knee.
The record reflects that even though plaintiff's father's automobile policy provided no-fault benefits, his insurer disclaimed coverage because plaintiff was a bus passenger and not entitled to receive PIP benefits. Neither party disputes plaintiff's PIP ineligibility under N.J.S.A. 39:6A-4.
The motion judge held plaintiff was subject to the verbal threshold requirements of N.J.S.A. 39:6A-8a. The judge concluded that if an accident is caused by an automobile and the insurance coverage seemingly available to the injured person contains the verbal threshold option, defendant is exempt from liability for non-economic loss. The judge reasoned:
As I read N.J.S.A. 39:6A-8 ... [a defendant is] "exempted from tort liability for non-economic loss to a person who ... has a right to receive [PIP] benefits under N.J.S.A. 39:6A-4" ...
* * * * * * * *

*167 N.J.S.A. 39:6A-4 makes it clear that if the accident is caused by an automobile and results in personal injury to the plaintiff, the plaintiff's insurance policy shall provide no-fault [PIP] coverage for those injuries.
Since the accident in the present case was caused by an automobile, ... and the insurance coverage issued to plaintiff's father, Peter Beaugard, provided for the limited tort option, the verbal threshold is applicable to plaintiff.
We disagree and reverse.
In resolving the question of whether the verbal threshold provision in her father's policy should bar plaintiff from recovering for non-economic loss, we begin our analysis with the relevant statutory provisions, N.J.S.A. 39:6A-8a, the verbal threshold provision, and N.J.S.A. 39:6A-4, the PIP benefits provision.
N.J.S.A. 39:6A-8a, the verbal threshold provision, provides:

Every owner, registrant, operator or occupant of an automobile to which section 4 of P.L. 1972, c. 70 (C. 39:6A-4), personal injury protection coverage, regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for non-economic loss to a person who is subject to this subsection and who is either a person who is required to maintain the coverage mandated by this act, or is a person who has a right to receive benefits under section 4 of P.L. 1972, c. 70 (C. 39:6A-4), as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, unless that person has sustained a personal injury which results in death [or an injury of a type that falls within the remaining eight categories of injuries for which recovery is allowed] ... (emphasis added)
N.J.S.A. 39:6A-4 provides in relevant part:
Every automobile liability insurance policy ... insuring an automobile ... shall provide personal injury protection coverage ... for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile....
Recently, in Weiss v. Thomas, 274 N.J. Super. 37, 643 A.2d 29 (App.Div. 1994), we set forth a method for determining whether a plaintiff is subject to the verbal threshold requirement of N.J.S.A. 39:6A-8a, consisting of a two-prong analysis. Id. at 41-42, 643 A.2d 29. The first prong directs an examination of the status of the defendant, namely, whether the defendant is the owner or operator of an "automobile" and is entitled to receive no-fault PIP benefits under N.J.S.A. 39:6A-4. Ibid.; accord Shirlene Spencer Stamps v. New Jersey Automobile Full Insurance Underwriting *168 Association, 279 N.J. Super. 485, 488, 653 A.2d 587 (App.Div. 1995). In the instant matter, defendant concededly was the operator of an automobile covered by no-fault insurance and, therefore, the first prong is satisfied. The second prong focuses on the plaintiff's "characteristics," namely whether plaintiff is a person who is: (a) "subject to" the verbal threshold statute and (b)(i) is required to maintain PIP coverage, or (ii) has a right to receive PIP benefits under N.J.S.A. 39:6A-4. Weiss, supra, 274 N.J. Super. at 42, 643 A.2d 29.
A plaintiff is "subject to" the verbal threshold statute, N.J.S.A. 39:6A-8a, if the plaintiff is a "named insured" under a New Jersey automobile insurance policy or is an "immediate family member residing in the named insured's household." Id. at 43, 643 A.2d 29 (citing N.J.S.A. 39:6A-8.1a). "Immediate family member" is defined, in relevant part, in N.J.S.A. 39:6A-8.1a to include an insured's spouse and any children of the named insured or their spouse residing in the same household as the named insured. In this case, plaintiff is "subject to" N.J.S.A. 39:6A-8a, even though not a named insured under her father's automobile liability policy, because she resided in the same household as her father, the named insured, and he had elected the verbal threshold option.
The statute, however, is conjunctive which suggests that in order for the verbal threshold to apply, plaintiff must not only be "subject to" the verbal threshold statute, but must also be "either a person who is required to maintain [PIP] coverage `or' a person who has a right to receive [PIP] benefits." N.J.S.A. 39:6A-8a.
A person is "required to maintain [PIP] coverage" if he or she is the "owner ... of an automobile registered or principally garaged in this State." N.J.S.A. 39:6A-3. A person has "a right to receive [PIP] benefits" if he or she is a
named insured [or] member[] of his family residing in his household who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile. ...
[N.J.S.A. 39:6A-4] (emphasis added)
*169 Automobile is defined in the statute as follows:
"Automobile" means a private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passenger nor rented to others with a driver....
[N.J.S.A. 39:6A-2a]
Plaintiff, age fifteen and a high school student who did not own an automobile or have a driver's license, was not a "person who [was] required to maintain [PIP] coverage." Neither was plaintiff a person who had "the right to receive [PIP] benefits" because she was not injured "while occupying, entering into, alighting from or using an automobile." N.J.S.A. 39:6A-4. Plaintiff was a passenger in a school bus at the time of the accident. A school bus is not an "automobile" as that term is defined under the statute. See N.J.S.A. 39:6A-2a; see also Truppa v. Prudential Prop. & Cas., 237 N.J. Super. 269, 567 A.2d 296 (Law Div. 1989).
Our function is to interpret the meaning of the statutes and apply them to the facts. See Watt v. Mayor and Council of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956). When the statutes are clear and unambiguous, we need look no further than their words and phrases for their true intent and purpose. Ibid. Here, the statute expressly exempts a defendant from liability for non-economic loss to a person who is "subject to" the verbal threshold statute and is either required to maintain PIP coverage or is entitled to receive PIP benefits. N.J.S.A. 39:6A-8a. The word "and" connotes "natural conjunctive import" while the word "or" signifies "natural disjunctive import." Pine Belt Chevrolet v. Jersey Cent. Power, 132 N.J. 564, 578, 626 A.2d 434 (1993) (quoting State v. Duva, 192 N.J. Super. 418, 470 A.2d 53 (Law Div. 1983)). As our Supreme Court said in Pine Belt:
"[T]he legislature is deemed to have intended what it wrote and the Court may not construe a contrary concept." [State v. Duva, supra, 192 N.J. Super. at 421, 470 A.2d 53] We have, however, recognized that "[t]he words `or' and `and' are ofttimes used interchangeably, and the determination of whether the word `and' as used in a statute should be read in the conjunctive or disjunctive depends primarily *170 upon the legislative intent." Howard v. Harwood's Restaurant Co., 25 N.J. 72, 88, 135 A.2d 161 (1957).
[Pine Belt, supra, 132 N.J. at 578, 626 A.2d 434.]
Our review of the legislative history convinces us that "and" must be read conjunctively. The concept of no-fault automobile insurance originated as a method of lowering insurance costs while assuring that an injured person, although precluded from suing for non-economic loss, would, nevertheless, receive prompt payment of medical expenses. See Gambino v. Royal Globe Ins. Co., 86 N.J. 100, 105-06, 429 A.2d 1039 (1981). We recognize that the only way to promote the legislative intent, which precludes a person from suing for pain and suffering, is if there is a quid pro quo for such loss, namely, the prompt payment of PIP benefits. To bind plaintiff by the verbal threshold election of her father's automobile policy in this case is incongruous with our view of the intent of the legislation because she would be precluded from recovering both economic loss in a PIP action and non-economic loss in a common-law negligence action. We are satisfied this was not the intent of the Legislature. In his Conditional Veto Message to the Senate of August 4, 1988 concerning the two precursor bills, S-26378 and S-124, to the verbal threshold statute, Governor Thomas H. Kean stated:
[s]trict construction of the verbal threshold is essential; any judicial relaxation of this plain language will impede the intent of maintaining the substantial benefits of no-fault at an affordable price.

If the basic liability coverage in New Jersey is the verbal threshold, we also must maintain the other side of the no fault equation, that is, prompt payment of medical bills without regard to fault. (emphasis added)
[Conditional Veto Message of S. 2637 (3rd Reprint), by Thomas H. Kean, Governor, New Jersey, to the New Jersey Legislature, at 3 (Aug. 4, 1988), reprinted in N.J. Stat. Ann. § 17:28-1.4 (West Supp. 1991).]
We note that the Governor's Conditional Veto Message may be the only extrinsic aid to statutory interpretation of the verbal threshold available. Lori A. Dvorak, Note, No-Fault Automobile Insurance Law: Speaking Out on New Jersey's Verbal Threshold, 16 Seton Hall Legis.J. 716, 753 (1992). Our Supreme Court has recognized that "communications from the executive branch may be reliable aids to legislative interpretation." Fields v. Hoffman, *171 105 N.J. 262, 270, 520 A.2d 751 (1987) (quoting Skeer v. EMK Motors, Inc., 187 N.J. Super. 465, 472, 455 A.2d 508 (App.Div. 1982)).
Applying these principles, we are persuaded that in order to justify depriving a claimant of a common-law cause of action for negligence, it is not enough that the person be an "immediate family member residing in the named insured's household," N.J.S.A. 39:6A-8a, i.e., "subject to" the verbal threshold statute, Weiss, supra, 274 N.J. Super. at 43, 643 A.2d 29; a claimant must also be eligible to receive PIP benefits. We conclude plaintiff is not bound by the verbal threshold of her father's automobile liability policy.
Reversed.