287 N.J. Super. 35 (1996)
670 A.2d 117
STEVEN HARBOLD, PLAINTIFF-RESPONDENT,
v.
GERRI OLIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 18, 1996.
Decided January 31, 1996.
*36 Before Judges SHEBELL, STERN and WALLACE.
Moss, Powers & Posternock, attorneys for appellant (William R. Powers, Jr., on the brief).
Mazzoni, Marcolongo & Hughes, attorneys for respondent (Henry J. Kowalski, III, on the brief).
The opinion of the court was delivered by SHEBELL, P.J.A.D.
On January 12, 1995, plaintiff, Steven Harbold, brought an action in the Law Division against defendant, Gerri Olin, alleging negligent operation of defendant's automobile resulting in personal injuries to plaintiff, a bicyclist. Defendant answered, asserting among other defenses, that plaintiff was not entitled to recover *37 noneconomic losses pursuant to the verbal threshold statute, N.J.S.A. 39:6A-8.
On March 17, 1995 defendant moved for summary judgment on the verbal threshold issue. Plaintiff, in response, cross-moved for an order that he was not subject to the verbal threshold or, alternatively, had met the requirements of the verbal threshold. On May 3, 1995, the Law Division judge denied defendant's motion. Plaintiff's cross-motion was listed for argument June 9, 1995. Defendant, in the interim, filed a motion for reconsideration of the ruling that the verbal threshold did not apply.
On June 9, 1995, after oral argument, the motion judge denied defendant's motion for reconsideration, and held that:
This is a pedestrian; this is a bicyclist. For that purpose they are the same. A pedestrian, nor a bicyclist is not required to maintain PIP coverage and although the bicyclist may have been eligible for PIP under [] the mother's policy, the 1990 amendment to the statutes that you've cited would seem to indicate that although PIP may be applicable to pedestrians and bicyclists, that the verbal threshold is not.
Admittedly, there is not much case law on the subject that gives us guidance. But under the theory that the pedestrian/bicyclist is not required to maintain PIP coverage, then accordingly, the pedestrian/bicyclist, either one, in this case it's a bicyclist, is not required to  is not subject to the verbal threshold.
In light of his ruling, he did not reach the issue of satisfaction of the verbal threshold. See Oswin v. Shaw, 129 N.J. 290, 294, 609 A.2d 415 (1992). We granted leave to appeal and now hold that this plaintiff is covered by the verbal threshold.
Plaintiff, while riding a bicycle, was struck by defendant's automobile on August 15, 1994. Then a minor, plaintiff resided in Vineland with his mother who elected a verbal tort-threshold on her automobile insurance policy. Plaintiff was paid PIP benefits through his mother's policy. Defendant, a State resident, operating a New Jersey registered vehicle, carried personal injury protection (PIP coverage), pursuant to N.J.S.A. 39:6A-4.
N.J.S.A. 39:6A-8, entitled "Tort exemption; limitation on the right to noneconomic loss," provides that there shall be elected, by any named insured required to maintain PIP coverage, one of two tort options. The first option is the verbal threshold. N.J.S.A. *38 39:6A-8a. The second is a non-threshold option. N.J.S.A. 39:6A-8b. N.J.S.A. 39:6A-8 states the consequences of the options as follows:
a. Every owner, registrant, operator or occupant of an automobile to which [no-fault PIP coverage] applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection and who is either a person who is required to maintain the coverage mandated by this act, or is a person who has a right to receive benefits under section 4 of P.L. 1972, c. 70 (C. 39:6A-4), as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, unless that person has sustained a personal injury which [falls within one of nine categories]; or
b. As an alternative to the basic tort option specified in subsection a. of this section, every owner, registrant, operator, or occupant of an automobile to which [no-fault PIP coverage] applies, and every person or organization legally responsible for his acts or omissions, shall be liable for noneconomic loss to a person who is subject to this subsection and who is either a person who is required to maintain the coverage mandated by P.L. 1972, c. 70 (C. 39:6A-1 et seq.) or is a person who has a right to receive benefits under section 4 of that act (C. 39:6A-4), as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State.
[Emphasis Added.]
The statute further provides that option b, the non-verbal threshold, shall apply to any person who is entitled to PIP benefits under the PIP statute "but who is not required to maintain personal injury protection coverage and is not an immediate family member" of a named insured under an automobile insurance policy. N.J.S.A. 39:6A-8 (emphasis added).
The PIP Statute states that:
Every automobile liability insurance policy, issued or renewed on or after January 1, 1991, insuring an automobile as defined in section 2 of P.L. 1972, c. 70 (C. 39:6A-2) against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide personal injury protection coverage, as defined hereinbelow, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or as a pedestrian, caused by an automobile or by an object propelled by or from an automobile, to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with the permission of the named insured, and to *39 pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.
[N.J.S.A. 39:6A-4; (emphasis added).]
Under N.J.S.A. 39:6A-4.2, a named insured's own PIP coverage is primarily liable to pay medical expenses, and in the case of a person who is not a named insured, but is the immediate family member of a named insured, that named insured's PIP coverage is responsible for the medical expenses.
A person riding a bicycle is considered a pedestrian for purposes of our State automobile insurance laws. See N.J.S.A. 39:6A-2h; Nunag v. Pennsylvania Nat. Mut. Cas. Ins. Co., 224 N.J. Super. 753, 756, 541 A.2d 306 (App.Div. 1988). Thus, plaintiff was eligible for PIP coverage in two ways. He was eligible through his mother's automobile insurance PIP coverage because he was a members of her family residing in her household who sustained bodily injury as a result of an accident, while a pedestrian, caused by an automobile. See N.J.S.A. 39:6A-4. He was also eligible for PIP coverage under defendant's automobile insurance PIP coverage because he was a pedestrian, who sustained bodily injury caused by the defendant's automobile. N.J.S.A. 39:6A-4. As the primary policy, plaintiff's mother's PIP coverage provided plaintiff's medical expenses. N.J.S.A. 39:6A-4.2.
Significantly, N.J.S.A. 39:6A-8.1, entitled "Election of tort option," sets forth the requirements with regard to electing a lawsuit threshold option and the applicability of that election. The relevant provisions state the following:
a. Election of a tort option ... shall be in writing and signed by the named insured [on the required form].... The tort option elected shall apply to the named insured and any immediate family member residing in the named insured's household. "Immediate family member" means the spouse of the named insured and any child of the named insured or spouse residing in the named insured's household, who is not a named insured under another automobile insurance policy.

* * * * * * * *
d. The tort option elected by the named insured shall apply to all automobiles owned by the named insured and to any immediate family member who is not a named insured under another automobile insurance policy, except that in the case *40 where more than one policy is applicable to the named insured or immediate family member, and the policies have different tort options, the tort option elected by the injured named insured shall apply or, in the case of an immediate family member who is not a named insured and is injured in an accident involving an automobile to which a policy issued to a named insured in the household of the injured immediate family member applies, the tort option elected by that named insured shall apply.

[N.J.S.A. 39:6A-8.1 (emphasis added).]
Plaintiff is by this statute's clear language subject to the verbal threshold elected by his mother, as he is an immediate family member residing in her household. N.J.S.A. 39:6A-8.1a; Beaugard v. Johnson, 281 N.J. Super. 162, 168, 656 A.2d 1282 (App.Div. 1995); accord Weiss v. Thomas, 274 N.J. Super. 37, 43, 643 A.2d 29 (App.Div. 1992).
Nonetheless, plaintiff argues that, under N.J.S.A. 39:6A-8.1 subsections a and d, while the tort option elected shall apply to the named insured and any immediate family members residing in the named insured's household, there are exceptions to the rule, and he argues that, under subsection d, his injuries must arise out of an accident involving his mother's vehicle before he is subject to her threshold election. Plaintiff misinterprets this provision.
Subsection d mandates that the tort option elected by the named insured shall apply to all automobiles owned by the named insured and to any immediate family member who is not a named insured under another automobile insurance policy. N.J.S.A. 39:6A-8.1d. An exception arises if there is more than one policy applicable and those policies have different tort options. Then, if the claimant is a named insured, the tort option elected in the named insured's own policy dictates the right to sue for noneconomic loss. N.J.S.A. 39:6A-8.1d; accord N.J.S.A. 39:6A-4.2. Additionally, if the claimant is an immediate family member who is not a named insured, "and is injured in an accident involving an automobile to which a policy issued to a named insured in the household of the immediate family member applies, the tort option of the named insured shall apply." N.J.S.A. 39:6A-8.1d. Plaintiff does not meet this criteria.
*41 The election of a named insured generally binds immediate family members to the tort option threshold elected by the named insured. See N.J.S.A. 39:6A-8.1a. The scheme of holding the immediate family members to the tort option selected by their named insured, whose PIP premiums cover their medical expenses, is compatible with and carries out the main goals of the PIP and tort threshold statutes. See Beaugard, supra, 281 N.J. Super. at 169, 656 A.2d 1282. "Automobile owners may elect the no-threshold option of subsection N.J.S.A. 39:6A-8b for themselves and their immediate families living at home and pay an extra premium for that additional coverage." Murphy v. Allstate Insurance Co., 252 N.J. Super. 280, 284, 599 A.2d 916 (App.Div. 1991). In this case, neither plaintiff, nor his mother, paid the extra premium for the unlimited right to sue, and therefore plaintiff is not provided with such a benefit.
In summary, because there was only one policy which covered plaintiff in his household, and he was an "immediate" family member of the named insured, he is bound by his mother's election. She elected a verbal tort threshold exempting a defendant, required to maintain PIP coverage, from liability for noneconomic damages. N.J.S.A. 39:6A-8.1d mandates that this tort option elected by plaintiff's mother, the named insured, applies to her son, the plaintiff, an immediate family member who is not a named insured under another automobile insurance policy.
The issue of the severity of plaintiff's injuries was not considered by the motion judge because of his finding that the plaintiff was not subject to the verbal threshold. Although the record contains some of plaintiff's medical records, we choose to remand the issue of the verbal threshold to the Law Division for determination on a fresh record. We reverse and remand for reconsideration of whether plaintiff meets the verbal threshold requirements.
Reversed and remanded.