695 A.2d 337

BERNADETTE COMITALE, PLAINTIFF–APPELLANT, v. TIMOTHY MASTERS, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 3, 1997—Decided June 23, 1997.

292

Before Judges DREIER, NEWMAN and VILLANUEVA.

*Craig A. Altman,* attorney for appellant.

*Horn, Goldberg, Gorny, Plackter, Weiss & Perskie,* attorneys for respondent (*Joel M. Chipkin,* of counsel; *Michael C. Epps,* on the brief).

The opinion of the court was delivered by

NEWMAN, J.A.D.

Plaintiff, Bernadette Comitale, appeals from the grant of summary judgment dismissing her complaint and from the denial of a motion for reconsideration of that decision. We affirm.

Plaintiff was allegedly injured in a rear-end accident while waiting in a line of traffic on the Garden State Parkway in New Jersey. The accident was not the subject of a police report. She resides in Pennsylvania and obtained automobile insurance with American Independence Insurance Company based in Plymouth Meeting, Pennsylvania. As a Pennsylvania resident, she elected the limited tort option, similar to the verbal threshold in New Jersey, *N.J.S.A.* 39:6A–8, available to her under the policy.

Defendant, Timothy Masters, also resided in Pennsylvania and was insured through an Allstate Insurance Company Pennsylvania automobile policy. Allstate is authorized to do business in New

Jersey; American Independence Insurance Company, plaintiff's insurer, is not.

Plaintiff did not seek immediate medical treatment. She did, however, consult with Dr. Ostroff. Initially, plaintiff had spasm that was confirmed by the reverse lordotic curve of the cervical spine. Dr. Ostroff made this diagnosis one day after the accident, on September 7, 1993. A few weeks later, paraspinal spasm was noted, but nothing after that. She completed treatment with Dr. Ostroff in late November 1993 but scheduled a follow-up examination in December 1993.

After completing seven treatments, Dr. Ostroff stated that plaintiff was fully asymptomatic in all of the involved regions. He noted that "as only six months have passed since the original injury, I suspect that she will have periodic achiness stemming from perhaps low-grade myofascitis, but I do not feel she will have permanent injury."

Plaintiff was also referred to Dr. Maxwell Strepanuk. In a November 11, 1993 report, Dr. Strepanuk indicated that plaintiff had a resolving cervical strain and sprain and a resolved lumbar and dorsal strain and sprain. He noted no cervical pain and a full range of motion. Dr. Strepanuk indicated that any stiffness in plaintiff's neck should resolve with time.

Since the accident, plaintiff still frequents the gym—walking on the treadmill, using the Stairmaster and riding the stationary bicycle. She also jogs up to two miles per day. However, she claims that she does not work out with the free weights as she did in the past.

The motion judge, George L. Seltzer, determined that plaintiff should be bound by the limited tort option that she elected in Pennsylvania. On the motion for reconsideration, he concluded

There is no reason to believe N.J. now provides unlimited access to a non-resident who has voluntarily restricted her home state right simply because the accident occurs in N.J. Such a result flies in the face of common sense. If a non-resident resided in a state without a choice, the deemer statute would impose one, a result perhaps not possible without a policy into which the choice can be imputed.

(Although N.J. might impose such a restriction as a condition for use of its roads). Here no such analysis is necessary because Plaintiff *has* made an affirmative choice. I rule only that she is bound by that choice in N.J. as she is in her home state.

Judge Seltzer further found that plaintiff's injuries would not pass the "serious injury" requirement under the Pennsylvania limited tort option, nor, for that matter, would she pierce the verbal threshold test in New Jersey.

On appeal, plaintiff argues that she should not be subject to the verbal threshold because her insurance company does not do business in the State of New Jersey. Further, the personal injury protection coverage does not apply to her as a Pennsylvania resident, and, therefore, she contends that defendant can not raise the verbal threshold as a defense to her action. She also asserts that her insurance policy issued in Pennsylvania is not applicable to the accident which occurred in the State of New Jersey. Lastly, she contends that the deemer statute, *N.J.S.A.* 17:28–1.4, would not impose the verbal threshold on a non-resident plaintiff whose insurer is not authorized to transact business in New Jersey. As a consequence, she maintains that she is not subject to any limitation on her ability to sue in this state for the accident which took place here.

*N.J.S.A.* 17:28–1.4, the so-called "deemer" statute, deems New Jersey's verbal threshold, which allows automobile accident tort recovery for non-economic losses, only for bodily injury of a type or degree within one of the nine defined categories listed in *N.J.S.A.* 39:6A–8a, to apply to the policies of out-of-state residents using their automobiles in New Jersey if their insurers are authorized to do business in New Jersey. Plaintiff's insurer is not authorized to do business in New Jersey, and, therefore, the deemer statute is inapplicable. Nonetheless, if plaintiff had selected the full tort option and was insured by a Pennsylvania insurance company authorized to transact business in New Jersey, plaintiff would be subject to the verbal threshold limitation under the deemer statute. *Whitaker v. DeVilla,* 147 *N.J.* 341, 356, 687 *A.*2d 738 (1997). That being so, we can perceive no reason why

plaintiff, who elected the limited tort option in a policy issued by a Pennsylvania insurance company not authorized to transact business in New Jersey, should not be bound by the selection made in her own policy of insurance.

The *Whitaker* decision is instructive on this point. There, our Supreme Court rejected a constitutional challenge to the deemer statute on equal protection grounds. The Court further held that the Legislature expressly intended the deemer statute to impose the verbal threshold on all out-of-state insureds who sustained automobile accident injuries in New Jersey and whose policies were issued by insurers authorized to transact business in this state. The Court did not find it anomalous that the deemer statute would not impose the verbal threshold on non-residents insured by carriers not authorized to transact business in New Jersey. The Court went on to explain:

> Those insureds, if involved in an automobile accident in New Jersey, would not receive the benefit of New Jersey's minimum mandatory liability coverage, uninsured motorist coverage, or personal injury protection coverage that the deemer statute mandates for non-residents insured through New Jersey authorized insurers. The legislative decision to impose the verbal threshold only on the latter class of non-resident insureds, in recognition of the substantial benefits conferred on those insureds by the deemer statute, constitutes a thoroughly rational and intelligible legislative classification.
>
> The Legislature undoubtedly assumed that it could not compel insurers not authorized to transact business in New Jersey to provide non-resident insureds injured in New Jersey the minimum liability, uninsured motorist, and personal injury protection benefits mandated by the deemer statute, and absent the ability to provide those benefits to such non-resident insureds, the Legislature may have perceived that the imposition of the verbal threshold would be unfair, inappropriate or unlawful.

[*Id.* at 356, 687 A.2d 738.]

As the Court pointed out, the Legislature did not include insurers not authorized to transact business in New Jersey within the ambit of the deemer statute. That, however, is not the same as saying that the insurance policy of the insured would not be referred to in connection with a law suit instituted in this state. Indeed, the availability of the limited tort option in Pennsylvania was analogous to the "verbal threshold" option here. *Treski v. Kemper Nat'l Ins. Cos.*, 449 *Pa.Super.* 620, 674 A.2d 1106, 1109

(1996) (finding that insureds were not aggrieved parties to bring class action to challenge insurers for not informing insureds of potential effect of New Jersey deemer statute upon their election of full tort option in Pennsylvania automobile insurance policies). In selecting the limited tort option, plaintiff would have paid lower insurance premiums, but would be unable to recover for non-economic damages unless she suffered a "serious injury" as defined by § 1702 of the Motor Vehicle Financial Responsibility Law. *See Id.* at 1108 (citing 75 *Pa.C.S.A.* § 1705(d)).

Here, both plaintiff and defendant are Pennsylvania residents who by happenstance had an automobile accident in this state. Had plaintiff sued defendant in Pennsylvania, there would be no question that the limited tort option would apply. We do not see why the same result should not obtain here, binding plaintiff by the selection she made in her own policy of insurance. It would certainly not violate the public policy of the Commonwealth of Pennsylvania. Nor, for that matter, would it run afoul of our strong policy recognizing the limitations imposed under the verbal threshold where an injured party sues for non-economic damages. Moreover, defendant, whose insurer was authorized to transact business in New Jersey would be "deemed" to be covered by *N.J.S.A.* 39:6A–4; *See Beaugard v. Johnson,* 281 *N.J.Super.* 162, 167, 656 *A.*2d 1282 (App.Div.1995). Defendant would be subject to the verbal threshold and, concomitantly, would have the ability to assert the verbal threshold as a defense against plaintiff. That being so, defendant can assert the defense that plaintiff be bound by her own selection of the limited tort option.

Plaintiff's contention that her injury qualifies as "serious" even if the limited tort option she selected in Pennsylvania applies is without merit. Judge Seltzer correctly concluded that plaintiff could not demonstrate that the injury was "serious", citing *Dodson v. Elvey,* 445 *Pa.Super.* 479, 665 *A.*2d 1223 (1995), *appeal granted,* 544 *Pa.* 608, 674 *A.*2d 1072 (1996); and *Murray v. McCann,* 442 *Pa.Super.* 30, 658 *A.*2d 404 (1995).

 Under *Dodson*, a court must consider in determining the seriousness of the impairment (1) the extent of the impairment; (2) the particular body function impaired; (3) the length of time the impairment lasted; (4) the treatment required to correct the impairment; and (5) other relevant factors. *Dodson, supra,* 445 *Pa.Super.* 497–501, 665 *A.*2d at 1233–34 (citing *DiFranco v. Pickard,* 427 *Mich.* 32, 398 *N.W.*2d 896, 901 (1986) (relying on guidance from Michigan courts in defining "serious injury")). While plaintiff was initially diagnosed with a neck and back strain and sprain, she returned to work three weeks after her accident. Three months after the accident, Dr. Ostroff noted that plaintiff was "fully asymptomatic in all of the involved regions." Six months following the accident, Dr. Ostroff reported, "Plaintiff felt good, was one hundred percent except for some pains in her neck and that plaintiff's lumbosacral spine had full range of motion without any remaining tenderness." Dr. Strepanuk reported that any stiffness in plaintiff's neck should continue to resolve with time. Plaintiff's ability to exercise daily and perform her work with no limitations or complaints of pain are corroborative of the physicians' findings.

 The seriousness of the impairment required under the limited tort option of Pennsylvania's motor vehicle financial responsibility law can not be satisfied on these facts, as viewed in a light most favorable to plaintiff. *Brill v. Guardian Life Ins. Co.,* 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995). Even if we were to apply the verbal threshold test, the same result would obtain. *N.J.S.A.* 39:6A–8a; *Oswin v. Shaw,* 129 *N.J.* 290, 609 *A.*2d 415 (1992); *Phillips v. Phillips,* 267 *N.J.Super.* 305, 316–18, 631 *A.*2d 564 (App.Div.1993).

The order granting summary judgment is affirmed.