**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1762-24

JAMES BASILONE,

    Plaintiff-Appellant,

v.

KRZYSZTOF KOPEC and
ALEXANDER SANTAMARIA
SANCHEZ,

    Defendants-Respondents.

_____

Argued February 25, 2026 – Decided March 26, 2026

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0726-23.

Charles Z. Schalk argued the cause for appellant (Savo Schalk Corsini Warner Gillespie O'Grodnick & Fisher, attorneys; Charles Z. Schalk, of counsel and on the briefs).

Michelle M. O'Brien argued the cause for respondent Krzysztof Kopec (Flanagan, Barone, & O'Brien, LLC, attorneys; Michelle M. O'Brien, of counsel and on the brief).

Georgette M. Wilton argued the cause for respondent Alexander Santamaria Sanchez (Law Office of Hillary M. Kolb, attorneys; Georgette M. Wilton, of counsel and on the brief).

PER CURIAM

Plaintiff James Basilone appeals from two trial court orders dated January 13, 2025, granting defendants Krzysztof Kopec and Alexander Santamaria Sanchez summary judgment.

We briefly recite the facts and procedural history from the record. Plaintiff filed a lawsuit against defendants alleging he sustained personal injuries as a result of accidents involving defendants' automobiles while he was bicycling. After the completion of discovery, defendants moved for summary judgment.

On January 3, 2025, the trial court heard the parties' arguments regarding defendants' motions for summary judgment. On January 10, 2025, the trial court granted defendants summary judgment.[1] In an accompanying statement of reasons, the court found:

> This matter arises from an accident that occurred on June 5, 2022 . . . . On that date, plaintiff was riding a bicycle . . . when an accident occurred between plaintiff . . . [and] Kopec, after that initial impact between auto

---

[1] The judge amended the orders on January 13, 2025.

A-1762-24

and bicyclist plaintiff was again struck by a second vehicle, operated by . . . Sanchez.

[(Emphasis omitted).]

The trial court acknowledged "[d]efendants[1] assert[ions] that . . . plaintiff ha[d] failed to demonstrate by credible objective medical evidence that he sustained a permanent injury as defined and required under N.J.S.A. 39:6A-8(a) and as a result is prohibited from pursuing non-economic loss claims[.]" (Boldface omitted).

The court noted "plaintiff's opposition to both motions focused on the assertion that plaintiff is not subject to the verbal threshold because he was riding a bicycle at the time." Under this circumstance, plaintiff "argue[d] that to subject . . . [him] to the verbal threshold is unjust, inconsistent with legislative intent and contrary to public policy."

The trial court considered "whether plaintiff is in fact subject to the limitation on lawsuit[2] as he was riding a bicycle at the time of the accident, which involved impact by two vehicles." The court held "that plaintiff - a bicyclist - is a 'pedestrian' for the purpose of the determination of [the] applicability of the limitation on lawsuit threshold," relying in part on

---

2 The terms "limitation on lawsuit" and "verbal threshold" refer to N.J.S.A. 39:6A-8(a).

<u>Harbold v. Olin</u>, 287 N.J. Super. 35 (App. Div. 1996). Moreover, the court found "[t]he policy to which plaintiff is the named insured, admittedly, sets forth the election of the limitation on lawsuit." Further, the court found it was undisputed that plaintiff did not produce an expert's opinion that he "sustained an injury causally related to this accident, that is permanent, and which can be proven by credible medical objective evidence." Therefore, the court granted defendants summary judgment and dismissed "[a]ll claims for non-economic damages."

On appeal, plaintiff acknowledges that one of two tort options must be selected when obtaining an automobile insurance policy. <u>See</u> N.J.S.A. 39:6A-8. Further, he concedes he selected the limitation on lawsuit option. However, he contends that applying his election, when he was operating a bicycle, "does not make sense" because bicyclists: do not participate in the automobile insurance system; face a greater "risk of serious injury" than "car occupants"; "are frequently the more vulnerable party in a collision"; and would be discouraged from bicycling, thus frustrating New Jersey's promotion of "an eco-friendly and healthy transportation option." Further, plaintiff argues the trial court's reliance on <u>Harbold</u> was misplaced because it is "outdated" and

"should be overruled explicitly or be distinguished as no longer applicable to present-day road conditions."

"We review de novo the trial court's order granting summary judgment and are guided by the same standards that governed its decision." Boyle v. Huff, 257 N.J. 468, 477 (2024). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "When no issue of fact exists, and only a question of law remains, [a reviewing c]ourt affords no special deference to the legal determinations of the trial court." Boyle, 257 N.J. at 477 (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

Our analysis is controlled by the "Automobile Insurance Cost Reduction Act" (Act), N.J.S.A. 39:6A-1.1 to -35. Under N.J.S.A. 39:6A-8, "[o]ne of . . . two tort options shall be elected . . . by any named insured required to maintain personal injury protection coverage." Plaintiff was required to maintain the requisite coverage and selected the "[l]imitation on lawsuit option." N.J.S.A. 39:6A-8(a).

The "limitation on lawsuit option" provides:

> Every owner, registrant, operator or occupant of an automobile to which [N.J.S.A.] 39:6A-4, personal injury protection coverage, [N.J.S.A.] 39:6A-3.1, medical expense benefits coverage, or [N.J.S.A.] 39:6A-3.3 regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for noneconomic loss to <u>a person who is subject to this subsection and who is either a person who is required to maintain personal injury protection coverage pursuant to [N.J.S.A.] 39:6A-4, medical expense benefits pursuant to [N.J.S.A.] 39:6A-3.1 or benefits pursuant to [N.J.S.A.] 39:6A-3.3, or is a person who has a right to receive benefits under [N.J.S.A.] 39:6A-4, [N.J.S.A.] 39:6A-3.1 or [N.J.S.A.] 39:6A-3.3</u>, as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, unless that person has sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment.
>
> [N.J.S.A. 39:6A-8(a) (emphasis added).]

Plaintiff was required to, and did, maintain the requisite coverage. See N.J.S.A. 39:6A-4; N.J.S.A. 39:6A-8(a). Moreover, he was "a person who ha[d] a right to receive benefits," N.J.S.A. 39:6A-8(a), because his alleged injuries

6

occurred while he was "a pedestrian, [and] caused by an automobile or by an object propelled by or from an automobile," N.J.S.A. 39:6A-4.  Under the Act, "'[p]edestrian' means any person who is not occupying, entering into, or alighting from a vehicle propelled by other than muscular power and designed primarily for use on highways, rails and tracks."  N.J.S.A. 39:6A-2(h).  "A person riding a bicycle is considered a pedestrian for purposes of our State automobile insurance laws."  Harbold, 287 N.J. Super. at 39; see also Goyco v. Progressive Ins. Co., 257 N.J. 313, 328 (2024) ("The conclusion that bicyclists are pedestrians under the . . . Act is rooted in N.J.S.A. 39:6A-2(h)'s definition of 'pedestrian':  . . . a bicycle is not 'propelled by other than muscular power.'").

Defendants were the "owner, registrant, operator or occupant of an automobile to which" N.J.S.A. 39:6A-4 applied.  N.J.S.A. 39:6A-8(a).  Therefore, they had the right to invoke plaintiff's election of the "limitation on lawsuit."  N.J.S.A. 39:6A-8(a).

Thus, the plain language of N.J.S.A. 39:6A-8 permits defendants to invoke the provided exemption.  Under similar circumstances, in Harbold, we held that a minor bicyclist, who resided with his mother, was subject to her choice under N.J.S.A. 39:6A-8, when he filed a complaint against another for personal

injuries sustained as a result of the alleged negligent operation of their automobile.  See 287 N.J. Super. at 40.

Here, plaintiff, the named insured, was allegedly injured as a "pedestrian," bicyclist, by defendants' operation of their automobiles.  He was entitled to, and did, have his medical expenses covered by his automobile insurance carrier.  Therefore, he was subject to his election of the "[l]imitation on lawsuit option."  The Act and Harbold require plaintiff be subject to his elected limitation on lawsuit election as a bicyclist.

To the extent that plaintiff asserts policy arguments, those arguments are best left for the Legislature.  "The Legislature, and not the court, is the proper place for policy arguments given that courts are not charged with passing judgment 'on the wisdom of the legislative enactment, but only on its meaning.'"  Petro v. Platkin, 472 N.J. Super. 536, 570 (App. Div. 2022) (quoting Cnty. of Bergen Emp. Benefit Plan v. Horizon Blue Cross Blue Shield of N.J., 412 N.J. Super. 126, 138-39 (App. Div. 2010)).

Having concluded that plaintiff's election of the "limitation on lawsuit" option applies, we consider whether he established that his asserted injuries vaulted the threshold.  "To vault [the Act's] verbal threshold an accident victim need only prove an injury as defined in the statute."  Davidson v. Slater, 189

N.J. 166, 181 (2007). Under N.J.S.A. 39:6A-8(a), a plaintiff's injuries must be "a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury." N.J.S.A. 39:6A-8(a) (emphasis added). In this respect, the judge found:

> Plaintiff did agree and concede that the orthopedic expert identified, . . . produced a report which did not state that plaintiff had sustained a permanent injury as a result of the bicycle accident, nor did he refer to any credible objective medical evidence in his report which ended with a statement that an MRI was needed for further evaluation.
>
> . . . .
>
> [T]he court finds that there is no material question of fact as to whether plaintiff has set forth a medical expert opinion supported by credible objective medical evidence that plaintiff sustained a permanent injury as required under N.J.S.A. 39:6A-8.
>
> It is conceded by plaintiff that his expert does not set forth that opinion.

To meet the injury standards expressed in N.J.S.A. 39:6A-8(a), a plaintiff's medical expert is "expected to provide the requisite medical evidence" that his injuries were permanent. Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 234 (App. Div. 2020). Indeed, under N.J.S.A. 39:6A-8(a):

9

In order to satisfy the tort option provisions of this subsection, the plaintiff shall, within 60 days following the date of the answer to the complaint by the defendant, provide the defendant with a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician. The certification shall state, under penalty of perjury, that the plaintiff has sustained an injury described above. The certification shall be based on and refer to objective clinical evidence, which may include medical testing, except that any such testing shall be performed in accordance with medical protocols pursuant to [N.J.S.A. 39:6A-4] and the use of valid diagnostic tests administered in accordance with [N.J.S.A. 39:6A-4.7]. Such testing may not be experimental in nature or dependent entirely upon subjective patient response. The court may grant no more than one additional period not to exceed 60 days to file the certification pursuant to this subsection upon a finding of good cause.

Here, in the absence of an expert's medical opinion regarding plaintiff's injuries, his claim fails and defendants were entitled to summary judgment as a matter of law.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1762-24