290 N.J. Super. 544 (1996)
676 A.2d 184
STEVEN J. KOFF AND SHIELA A. KOFF, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
BARBARA A. CARRUBBA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1996.
Decided May 30, 1996.
Before Judges MUIR and BROCHIN.
*545 Randi S. Greenberg argued the cause for appellant (Robert A. Auerbach, attorney; Ms. Greenberg, of counsel and on the brief).
John P. Reilly argued the cause for respondents (Reilly & Archer, attorneys; Mr. Reilly, on the brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
The issue to be decided on this appeal is whether a motorcyclist's tort claim for personal injuries sustained when his motorcycle collided with an automobile is subject to the verbal threshold, N.J.S.A. 39:6A-8(a), because he chose that option for a liability policy which insured only his personally owned automobile, not his motorcycle. We hold that his personal injury claim is subject to the verbal threshold, and we therefore reverse.
While plaintiff Steven J. Koff was riding his motorcycle along one of the driving lanes of the shopping mall where the store in which he worked was located, defendant Barbara A. Carrubba was backing her car out of one of the mall parking spaces. The two vehicles collided. Plaintiff was propelled over the trunk of defendant's car. He testified that he landed "square on both feet, heels first, ... came down on [his] knees," and then fell forward on his hands.
Plaintiff instituted this suit to recover for his resulting injuries. The trial court granted his pretrial motion for partial summary judgment, striking defendant's verbal threshold defense. The case was then tried to its conclusion and the jury returned a verdict in plaintiff's favor. On appeal, defendant challenges only the trial court's ruling that plaintiff's claim is not subject to the verbal threshold.
When the accident occurred, plaintiff was the named insured both under a motorcycle policy and under a separate automobile policy. An insurance policy insuring only a motorcycle does not subject the insured's personal injury claims to the verbal threshold. N.J.S.A. 39:6A-2, -8. Plaintiff's automobile was not involved *546 in the accident. Defendant argues that the verbal threshold applies nonetheless because plaintiff selected the verbal threshold option for his automobile policy.
As we pointed out in Weiss v. Thomas, 274 N.J. Super. 37, 643 A.2d 29 (App.Div. 1994), quoting N.J.S.A. 39:6A-8, where a defendant is an "`owner, registrant, operator or occupant of an automobile to which' personal injury protection coverage applies," or a "`person ... legally responsible for his acts or omissions [i.e., acts or omissions of the owner, registrant, etc.],'" Id. at 41-42, 643 A.2d 29, then the plaintiff's personal injury claims are subject to the verbal threshold, N.J.S.A. 39:6A-8a, provided the plaintiff meets two tests. The plaintiff's claims will be subject to the verbal threshold if (1) the plaintiff is, or is treated as if he or she were, the owner of an automobile that is insured under a New Jersey automobile liability insurance policy for which the verbal threshold option has been selected,[1] and (2) the plaintiff is either a person required to maintain Personal Injury Protection (PIP) coverage because he or she is the "owner ... of an automobile registered or principally garaged in this State," N.J.S.A. 39:6A-8a, -3; see also N.J.S.A. 39:6B-1, -2, or, alternatively, is a person who has the right to receive PIP benefits pursuant to N.J.S.A. 39:6A-4. A person has the right to receive PIP benefits pursuant to N.J.S.A. 39:6A-4 if (1) he or she is the named insured under a policy providing PIP benefits, or is a family member residing with *547 such a named insured, and (2) has suffered an injury as the result of an accident which occurred (a) while he or she was occupying, entering or leaving any automobile or (b) while he or she was a pedestrian if the injury was caused by an automobile or by an object propelled by or from an automobile. A person who is neither a named insured under a New Jersey automobile liability policy nor a family member residing with such a named insured is entitled to receive PIP benefits only for an injury (1) which he or she has suffered while occupying, entering into, alighting from or using a named insured's automobile with the named insured's permission, or (2) which he or she has suffered while a pedestrian, if the injuries were caused by a named insured's automobile or by an object propelled by or from a named insured's automobile.
In the present case, both plaintiff and defendant satisfy the tests for subjecting plaintiff's claim to the verbal threshold. First of all, defendant is the owner of an automobile insured under a New Jersey liability policy and, under that policy, she is entitled to Personal Injury Protection coverage. Secondly, plaintiff is the owner of an automobile registered or principally garaged in New Jersey that is insured under a liability policy for which he has selected the verbal threshold option. Thirdly, because plaintiff owns a car that is registered in New Jersey and insured under a New Jersey automobile liability policy, he is a person who is "required to maintain Personal Injury Protection coverage mandated by" the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35. Plaintiff does not have the right to receive PIP benefits as the result of the injuries which are the subject of this case because the accident which caused them did not occur while he was occupying, entering or leaving an automobile or while he was a pedestrian. But his eligibility for PIP benefits for those injuries is not a prerequisite to the applicability of the verbal threshold because, as previously mentioned, he satisfies the alternative test: he owns an automobile registered in New Jersey and he is therefore required to maintain the statutorily mandated PIP coverage.
*548 Relying heavily on Beaugard v. Johnson, 281 N.J. Super. 162, 656 A.2d 1282 (App.Div. 1995), plaintiff Koff urges us to disregard the plain meaning of the statutory language on the ground that "fairness" requires relieving him of the verbal threshold because his medical bills will not be paid by PIP. He supports that argument by pointing to our statement in Beaugard that "the only way to promote the legislative intent, which precludes a person from suing for pain and suffering, is if there is a quid pro quo for such loss, namely, the prompt payment of PIP benefits." Id. at 170, 656 A.2d 1282. The penultimate paragraph of our Beaugard opinion reads:
Applying these principles, we are persuaded that in order to justify depriving a claimant of a common-law cause of action for negligence, it is not enough that the person be an "immediate family member residing in the named insured's household," N.J.S.A. 39:6A-8a, i.e., "subject to" the verbal threshold statute, a claimant must also be eligible to receive PIP benefits.

[Id. at 171, 656 A.2d 1282 (citation omitted) (emphasis added)].
In context, however, that paragraph does not support plaintiff's position in the present case. The plaintiff in Beaugard was injured while she was a passenger on a school bus. She was not required to maintain PIP coverage because she was a fifteen-year old high school student who did not own an automobile or have a driver's license. She was not entitled to receive PIP benefits for the treatment of her injuries because a school bus is not an "automobile" as defined by N.J.S.A. 39:6A-2(a), and she was not injured while a pedestrian or while "occupying, entering into, alighting from or using an automobile." N.J.S.A. 39:6A-4. Citing Weiss v. Thomas, supra, Beaugard pointed out that a legal obligation on the part of the personal injury plaintiff and her eligibility for PIP benefits under N.J.S.A. 39:6A-4 are alternative criteria for subjecting her to the verbal threshold. Beaugard, supra, at 168, 656 A.2d 1282. The Beaugard plaintiff did not meet either of those two alternative criteria. Our statement that "in order to justify depriving a claimant of a common-law cause of action for negligence ... a claimant must also be eligible to receive PIP benefits" meant only that since the plaintiff in that case was not required to maintain PIP coverage because she did *549 not own an automobile, she was not subject to the verbal threshold unless she had been injured in an accident which occurred while she was occupying, entering or alighting from an automobile.
We note that two reported cases have decided implicitly that a plaintiff injured while driving a motor vehicle which is not an "automobile" as defined in N.J.S.A. 39:6A-2(a) is subject to the verbal threshold if he or she has selected or is bound by someone else's selection of the verbal threshold option under a New Jersey automobile insurance policy. See Cavanaugh v. Morris, 273 N.J. Super. 38, 640 A.2d 1192 (App.Div. 1994) (plaintiff was the passenger in a truck struck in the rear by an automobile); Puso v. Kenyon, 272 N.J. Super. 280, 639 A.2d 1120 (App.Div. 1994) (plaintiff was the passenger on a motorcycle which collided with an automobile).
Plaintiff has elected the verbal threshold option for his automobile policy and has realized a consequent saving in premiums. The other side of his bargain is that any claim which he may assert against a defendant who is an "owner, registrant, operator or occupant of an automobile to which [N.J.S.A. 39:6A-4] applies" is subject to the verbal threshold with respect to any claim which he, the plaintiff, may assert "arising out of the defendant's ownership, operation, maintenance or use of such automobile." N.J.S.A. 39:6A-8. Because plaintiff is required to maintain PIP insurance on an automobile which he owns, the conjunctive language of N.J.S.A. 39:6A-8a prohibits us from ruling that he is exempt from the verbal threshold because he was riding a motorcycle when he was injured. McClelland, 288 N.J. Super. 185, 672 A.2d 194 (App.Div. 1996); Harbold v. Olin, 287 N.J. Super. 35, 670 A.2d 117 (App.Div. 1996); Loftus-Smith v. Henry, 286 N.J. Super. 477, 669 A.2d 852 (App.Div. 1996).
Because the trial court ruled that plaintiff was not subject to the verbal threshold, the issue of whether he had crossed the threshold was not decided either by the court or the jury. On remand, the court must determine, applying the summary judgment standard, see Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992), and *550 Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995), whether a jury should decide if plaintiff has crossed the verbal threshold. If the court decides as a matter of law that plaintiff has not made a showing of facts from which a reasonable jury could rationally find in plaintiff's favor on that issue, he will not be entitled to recover on his claim for non-economic damages. Economic damages were stipulated. Therefore, if non-economic damages are not recoverable, the judgment should be modified accordingly. If the court decides as a matter of law that a reasonable jury, considering the issue rationally, would necessarily find that plaintiff has surmounted the verbal threshold, the present award of damages will stand. If the court decides that whether or not plaintiff has crossed the verbal threshold is a jury question, the case must be tried solely on that issue. If the jury determines the issue in plaintiff's favor, the present award of damages will stand. If the jury determines it in defendant's favor, judgment shall be entered solely for the stipulated economic damages.
The judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
NOTES
[1] Implicitly, the statutes require a person who is a named insured under more than one New Jersey automobile policy to make the same election, selecting either the verbal threshold or the no threshold option, for all the New Jersey automobile policies under which he or she is a named insured. See N.J.S.A. 39:6A-8.1(d). The commissioner has recognized that implication by requiring the inclusion of the following language in the prescribed Insurance Buyer's Guide, quoted in Emmer v. Merin, 233 N.J. Super. 568, 577, 559 A.2d 845 (App.Div.), certif. denied, 118 N.J. 181, 570 A.2d 950 (1989):

Under state law, you must choose either the lawsuit [verbal] threshold or the no threshold option. The same choice should be made under all policies that you have. If you do not choose one of these options, you are considered by law to have selected the lawsuit threshold option.
[N.J.A.C. 11:3-15.6].