848 A.2d 885

PAUL LABAS, PLAINTIFF–APPELLANT, v. JUAN ESQUIVEL MOLINA, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 5, 2004—Decided May 27, 2004.

Before Judges BRAITHWAITE, LINTNER and S.L. REISNER.

*John R. Gorman* argued the cause for appellant (*Lutz, Shafranski, Gorman & Mahoney,* attorneys; *Mr. Gorman* on the brief).

*David J. Dearing* argued the cause for respondent (*Leary, Bride, Tinker & Moran,* attorneys; *James T. Gill,* of counsel and on the brief).

The opinion of the court was delivered by

LINTNER, J.A.D.

Plaintiff, Paul Labas, appeals pursuant to leave granted from an order determining that he is subject to the verbal threshold. We reverse.

Plaintiff owned a 1994 Mitsubishi 3000 G.T. Coupe (Mitsubishi) that was stolen while he was attending a movie at the Reading Cinema in Manville. Plaintiff's Mitsubishi was insured with an automobile insurance policy issued by Liberty Mutual Insurance Company (Liberty Mutual) in which plaintiff elected the "verbal threshold" pursuant to *N.J.S.A.* 39:6A–8a. The policy also provided coverage for comprehensive loss, including theft. The vehicle was not found. On October 4, 2001, in return for payment of $8626.60 ($9126.60 less plaintiff's $500 deductible), plaintiff transferred the Mitsubishi's title to Liberty Mutual. Plaintiff owned no other vehicles.

On October 11, 2001, while operating his father's 1991 Mercury Sable (Mercury), plaintiff was involved in an accident on Amwell Road in Hillsborough with defendant Juan Esquivel–Molina who was driving his 1988 Chevy Pickup. The Mercury was also insured by Liberty Mutual under a separate policy issued to plaintiff's father. At the time of the accident plaintiff was not a resident of his father's household.

On October 24, 2001, plaintiff applied for personal injury protection benefits (PIP) under his father's policy of insurance, indicating that at the time of the accident he was not a member of his father's household. Under the section of the application that asked to "list all autos in your household," plaintiff wrote "N/A." Subsequently, Liberty Mutual paid plaintiff PIP benefits under his father's policy.

On December 11, 2002, plaintiff instituted suit to recover damages for the personal injuries he allegedly sustained in the collision. Defendant answered, raising the verbal threshold statute as an affirmative defense. Plaintiff moved for a determination that he was not subject to the verbal threshold. In response, defen-

dant provided a copy of a letter from Liberty Mutual replying to defense counsel's request for information regarding plaintiff's effective insurance coverage. The letter stated, in pertinent part, that plaintiff "was indeed insured on the date in question of October 11, 2001. [Plaintiff's] policy was in effect from May 8, 1999 to May 8, 2002."

Relying on *Koff v. Carrubba*, 290 *N.J.Super.* 544, 676 *A.*2d 184 (App.Div.), *certif. denied,* 146 *N.J.* 498, 683 *A.*2d 201 (1996), the motion judge found that plaintiff came under the verbal threshold provisions of *N.J.S.A.* 39:6A–8a even though his car had been stolen because he had not canceled the coverage on the vehicle by which he had elected the limitation of lawsuit option. On appeal, defendant contends that although plaintiff did not own a vehicle at the time of the accident his policy remained in force providing coverage for PIP benefits because he had not canceled it. Defendant argues that Liberty Mutual must have mistakenly paid PIP benefits under the father's policy because it failed to properly investigate after receiving plaintiff's application. Defendant also argues that because plaintiff chose the verbal threshold on his Mitsubishi he should be limited to that selection here even though he no longer owned the vehicle.

In *Koff,* Steven Koff sued for injuries he sustained while riding his motorcycle, which was insured by a policy that did not contain the verbal threshold. At the time of the accident, Koff also owned an automobile for which he chose insurance with the verbal threshold option. We held that because the plaintiff owned an automobile at the time of the accident for which he chose the verbal threshold and for which he was required to maintain PIP coverage he was subject to the verbal threshold limitation for the injuries he sustained. *Koff, supra,* 290 *N.J.Super.* at 549, 676 *A.*2d 184. We pointed out in *Koff* that under *N.J.S.A.* 39:6A–8a, plaintiff's claim is subject to the verbal threshold so long as the following two-prong test applies:

> (1) the *plaintiff* is, or is treated as if he or she were, the owner of an automobile that is insured under a New Jersey automobile liability insurance policy for which the verbal threshold option has been selected, and

(2) the *plaintiff* is either a person required to maintain Personal Injury Protection (PIP) coverage because he or she is the "owner .. of an automobile registered or principally garaged in this State," or, *alternatively,* is a person who has the right to receive PIP benefits pursuant to *N.J.S.A.* 39:6A–4.

[*Id.* at 546, 676 *A.*2d 184 (citations and footnotes omitted).]

*N.J.S.A.* 39:6A–4 mandates, in part, PIP coverage to the named insured and members of the named insured's family residing in the named insured's household for injuries sustained while occupying or using an automobile and to other persons who sustain injury while occupying or using the named insured's vehicle with permission of the named insured.

Here, unlike the facts in *Koff,* plaintiff did not meet the first prong of the test requiring ownership of an automobile at the time of the accident for which he chose the verbal threshold. He had effectively transferred any rights he had in the vehicle to his insurance carrier in return for payment of his comprehensive coverage. Likewise, because he no longer owned a vehicle, he did not own an automobile for which he was required to maintain PIP coverage. Even if it could be said that the failure to cancel his policy following the theft of his vehicle amounted to a continuation of his PIP coverage, those consequences met only the second part of the test. Moreover, the proposition, debatable at best, that he was entitled to his own PIP coverage absent ownership of a vehicle is of no moment because he met the alternate part of the second prong under the provision of *N.J.S.A.* 39:6A–4, which entitled him to PIP coverage under his father's policy as a permissive driver.

*N.J.S.A.* 39:6A–8.1a sheds additional light on the issue. *N.J.S.A.* 39:6A–8.1a provides that the tort option selected shall apply to "the named insured and any immediate family member residing in the named insured's household." As a non-resident family member, plaintiff was not entitled to PIP coverage under his father's policy for injuries sustained in any automobile, only for injuries sustained in his father's vehicle while occupying or driving it with permission. Likewise under *N.J.S.A.* 39:6A–8.1a, he is not bound as an insured by the lawsuit option selected by his father

because he is not a resident of the insured's household. It follows that because plaintiff did not own a vehicle registered in this State at the time of the accident he is not bound by the verbal threshold in the policy covering his previously owned Mitsubishi. Further, because he was not a resident of his father's household he is not limited to the verbal threshold selected by his father in the insurance covering the Mercury.

Lastly, defendant alternatively asserts that because plaintiff collected PIP under his father's policy he should be limited to his father's verbal threshold. That same argument was rejected by us in *Ibarra v. Vetrano,* 302 *N.J.Super.* 578, 582, 695 *A.2d* 757 (App.Div.1997), where Judge D'Annunzio wrote:

> Defendant also suggests that a person who collects PIP benefits under a policy should be bound by the verbal threshold contained in the policy. Not so. PIP benefits advance the legislative policy that all persons injured in automobile-related accidents should be quickly and effectively compensated for medical expenses and the other losses defined in *N.J.S.A.* 39:6A-4. The verbal threshold, however, is optional, and the Legislature has determined that an insured's election should bind only the insured's spouse and resident children . . . but not others.

Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.