893 A.2d 730

JOSE ECHEVERRI, PLAINTIFF–APPELLANT, v. WILLIAM L. BLAKELY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 11, 2006—Decided March 14, 2006.

12

Before Judges STERN, PARKER [1] and MINIMAN.

*Ana P. Esteves* argued the cause for appellant (*Frank D. Angelastro,* attorney; *Ms. Esteves,* on the brief).

*Robert F. Cox* argued the cause for respondent (*McCreedy & Cox,* attorneys; *Mr. Cox,* on the brief).

The opinion of the court was delivered by

MINIMAN, J.S.C. (temporarily assigned).

This is an appeal from a grant of summary judgment in favor of defendant William L. Blakely dismissing the complaint of plaintiff Jose Echeverri for failure to prove a permanent injury under the Automobile Insurance Cost Reduction Act of 1998 (AICRA), *N.J.S.A.* 39:6A–1.1 to –35. Echeverri does not contest the trial court's conclusion that his injuries did not satisfy the limitation on lawsuit threshold. Rather, he argues that he should not be subject to that threshold at all. For the reasons expressed in this opinion, we affirm the trial court's conclusion that Echeverri was required by AICRA to prove a permanent injury or a displaced fracture.

On September 24, 2001, while riding a motorcycle Echeverri was involved in an accident with an automobile. As a result, Echeverri was taken to Union Hospital emergency room where he underwent medical treatment and was diagnosed with fractured ribs; cervical and lumbar strains and sprains with radiculopathy; possible stress fractures of the right knee, tibia, and humerus; and multiple contusions and abrasions. Echeverri maintained motorcycle liability insurance, but it did not provide personal injury protection (PIP) benefits. At the time of the accident, Echeverri resided with his mother and was named as the principal driver of a 1990 Camaro, one of two vehicles on his mother's

---

[1] Judge Parker did not participate in the oral argument but participated in the disposition of the appeal with the consent of both parties.

automobile policy. He was also the owner of up to three uninsured motor vehicles that were principally garaged in New Jersey. His mother elected the limitation on lawsuit option in her policy, which reduced the premium on the 1990 Camaro to $4,060.

The trial court, relying on *Koff v. Carrubba*, 290 *N.J.Super.* 544, 549, 676 *A.*2d 184 (App.Div.), *certif. denied*, 146 *N.J.* 498, 683 *A.*2d 201 (1996), held Echeverri subject to the AICRA threshold. The trial court found

> the *Koff* case controlling in this instance. The records indicate that the plaintiff involved in this accident on August 11, 2001—was a resident of his parent's household. He's a child of the named insured. He's not a named insured on any other auto policy. The policy, verbal selection that was made for that policy is binding upon him. He is PIP eligible under that policy. The criteria therefore of *Koff* are controlling. I do believe he is therefore subject to the verbal and the review of the records indicate that he has not satisfied the verbal threshold as it relates to this case.

On appeal, Echeverri contends that he should not be subject to the limitation on lawsuit threshold under AICRA. He points out that he was not eligible for PIP benefits under his mother's policy because the accident happened while he was riding on a motorcycle. PIP benefits are only available to an injured person if they were injured while occupying, entering into, alighting from or using an automobile, or while a pedestrian. *N.J.S.A.* 39:6A–4. Echeverri contends that the motion judge erred as a matter of law when he concluded that *Koff* was controlling because Koff owned an automobile for which he chose the verbal threshold. Thus Koff was required to maintain PIP coverage, whereas here, Echeverri claims that he did not own an automobile on which he was required to maintain PIP benefits because his automobiles were in storage and not operable.[2] However, the motion judge

---

[2] During oral argument on the motion below, Echeverri asserted that his vehicles were neither registered nor in use at the time of the accident, that they were inoperable, and that he was thus not required to maintain any liability insurance coverage on those vehicles, relying on *Carmichael v. Bryan*, 310 *N.J.Super.* 34, 707 *A.*2d 1357 (App.Div.1998). However, he presented no record evidence to support this factual claim. We decline to consider this issue because it was not raised in the trial court and does not go to the jurisdiction of the

did not rest his decision on Echeverri's ownership of a motor vehicle but rather upon his status in his mother's household and the provisions of her policy. Our review is confined to that issue.

■ In determining whether the decision below was correct, we "may review the trial court's legal interpretation without limitation." *Illva Saronno Corp. v. Liberty Hill Realty, Inc.*, 344 *N.J.Super.* 443, 450, 782 *A.2d* 473 (App.Div.2001); *see also Manalapan Realty v. Township Comm. of Tp. of Manalapan*, 140 *N.J.* 366, 378, 658 *A.2d* 1230 (1995) (holding that "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference"); and *Dolson v. Anastasia*, 55 *N.J.* 2, 7, 258 *A.2d* 706 (1969).

In *Koff* we sustained a motorcyclist's damage claim for personal injuries when he collided with an automobile was subject to the verbal threshold, *N.J.S.A.* 39:6A–8(a), because he chose that option for a liability policy which insured only his automobile, not his motorcycle. *Koff, supra,* 290 *N.J.Super.* at 545, 676 *A.2d* 184. We set out the test to be applied under the verbal threshold statute when deciding whether the verbal threshold defense is available:

> The plaintiff's claims will be subject to the verbal threshold if (1) the *plaintiff* is, or is treated as if he or she were, the owner of an automobile that is insured under a New Jersey automobile liability insurance policy for which the verbal threshold option has been selected, and (2) the *plaintiff* is either a person required to maintain Personal Injury Protection (PIP) coverage because he or she is the "owner ... of an automobile registered or principally garaged in this State," *N.J.S.A.* 39:6A–8a, –3; *see also N.J.S.A.* 39:6B–1, –2, or, *alternatively,* is a person who has the right to receive PIP benefits pursuant to *N.J.S.A.* 39:6A–4.
>
> [*Id.* at 546, 676 *A.2d* 184 (emphasis in original, footnote omitted).]

---

court, nor does it concern a matter of substantial public interest. *Alan J. Cornblatt, P.A. v. Barow,* 153 *N.J.* 218, 230, 708 *A.2d* 401, (1998); *Nieder v. Royal Indem. Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.2d* 142 (1973). In any event, this issue would only be relevant if Echeverri was not bound by his mother's verbal threshold election.

The statutory provisions on which this test was based have not been modified under AICRA. *See N.J.S.A.* 39:6A-3, -4, -8(a), *N.J.S.A.* 39:6B-1, and -2. Therefore, the test remains the same.

We acknowledged that Koff did not have a right to receive PIP benefits because he was injured while riding his motorcycle. However, we found that Koff owned an automobile registered in New Jersey and was required to maintain PIP coverage. *Koff, supra,* at 547, 676 *A.2d* 184. These facts alone were sufficient to raise the verbal threshold defense. *Ibid.* The fact that Koff had no right to receive PIP benefits was irrelevant. *Ibid.*

Like Koff, Echeverri has no right to receive PIP benefits. Therefore, we must determine whether Echeverri (1) is a person who is treated as if he were the owner of an automobile insured under a New Jersey policy for which the limitation on lawsuit option has been selected and (2) is a person required to maintain PIP coverage because he is the owner of an automobile principally garaged in New Jersey. *Koff, supra,* 290 *N.J.Super.* at 546, 676 *A.2d* 184. It is undisputed that Echeverri owned one or more automobiles at the time of the accident that were principally garaged in New Jersey. Thus, the second prong of the *Koff* test is satisfied.

█ We turn to the first prong to determine if Echeverri should be treated as if he were the owner of a vehicle covered by a limitation on lawsuit option, an issue which has not previously been expressly decided on facts such as these.[3] AICRA provides that the tort option elected by the named insured "shall apply to

---

[3] The defendant cites *Cavanaugh v. Morris,* 273 *N.J.Super.* 38, 640 *A.2d* 1192 (App.Div.1994), and *Puso v. Kenyon,* 272 *N.J.Super.* 280, 639 *A.2d* 1120 (App.Div. 1994), for the proposition that the limitation on lawsuit threshold applies without regard to the type of vehicle occupied by the injured person. These cases do not resolve the issue before us because the plaintiff in *Cavanaugh,* who was a passenger in her husband's truck, also did not contend on appeal that she was not subject to the verbal threshold. The plaintiff in *Puso,* who was the passenger on a motorcycle owned and operated by Kenyon, also did not contend on appeal that she was not subject to the verbal threshold. Thus, we do not know on what facts the verbal threshold was applied to these plaintiffs.

the named insured and any immediate family member residing in the named insured's household ... who is not a named insured under another automobile insurance policy." *N.J.S.A.* 39:6A–8.1(a); *Stricklen v. Ferruggia,* 379 *N.J.Super.* 296, 301–2, 878 *A.*2d 1 (App.Div.2005). The "named insured" is defined by *N.J.S.A.* 39:6A–2(g) as "the person or persons identified as the insured in the policy and, if an individual, his or her spouse, if the spouse is named as a resident of the same household ...." "Immediate family member" is defined as "the spouse of the named insured and any child of the named insured or spouse residing in the named insured's household, who is not a named insured under another automobile insurance policy." *N.J.S.A.* 39:6A–8.1(a). Thus, the named insured is Maria D. Lago and Echeverri was an immediate family member because he resided in his mother's house. An insured's tort option election binds the insured's resident spouse and resident children. *Harbold v. Olin,* 287 *N.J.Super.* 35, 39–40, 670 *A.*2d 117 (App.Div.1996).

Echeverri contends that *Labas v. Molina,* 369 *N.J.Super.* 331, 848 *A.*2d 885 (App.Div.2004), is controlling because Labas did not own an automobile at the time of the accident and was thus not required to maintain PIP benefits. That is not correct. Labas, unlike plaintiff here, was only a permissive driver under his father's policy where the verbal threshold had been selected. He did not reside in his father's household. *Id.* at 334–35, 848 *A.*2d 885. We concluded that Labas was not subject to the verbal threshold because he did not own an automobile and was not an immediate family member under his father's policy. *Ibid.*

Echeverri, however, was a member of his mother's household and listed on her policy. She received a reduced premium on the vehicle that they treated as belonging to Echeverri. As such, the record supports the finding that Echeverri should be treated as if he were the owner of a vehicle covered by a limitation on lawsuit option and is subject to the verbal threshold by virtue of *N.J.S.A.* 39:6A–8.1(a) just as though he owned and insured his own automobiles with a verbal threshold election.

Affirmed.