175 N.J. Super. 542 (1980)
420 A.2d 1038
WILTON HILL, PLAINTIFF-APPELLANT,
v.
JAMES COCHRAN AND RICHARD P. NOONAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 8, 1980.
Decided September 19, 1980.
*544 Before Judges ALLCORN, KOLE and PRESSLER.
Mathews, Goebel & Adams, attorneys for appellant (H. Hume Mathews on the brief).
Philip C. Geibel, attorney for respondent Richard P. Noonan (Stuart J. Fields on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
In Fitzgerald v. Wright, 155 N.J.Super, 494 (App.Div. 1978), and Elliott v. Simon, 157 N.J.Super, 495 (App.Div. 1978), we considered procedural and substantive problems generated by the threshold provisions of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq. This appeal raises variations on those themes.
Plaintiff Wilton Hill, a passenger in an automobile driven by defendant James Cochran, sustained soft tissue cervical injuries when Cochran's car was struck in the rear by an automobile *545 driven by defendant Richard Noonan. Cochran defaulted, judgment by default was entered against him and the action proceeded against Noonan alone. After the case was assigned to trial but before a jury was impaneled, defendant sought what he referred to as a determination of plaintiff's eligibility to sue in tort. It was his contention that plaintiff had met neither the $200 threshold nor the permanency threshold of N.J.S.A. 39:6A-8. The trial judge correctly interpreted defendant's application as one for summary judgment and forthwith proceeded to determine it on the basis of the record, the medical reports and plaintiff's testimony. Concluding therefrom that there was no genuine dispute of material fact as to plaintiff's failure to have met both of the threshold standards, he granted summary judgment dismissing the complaint. Plaintiff no longer disputes the fact of his failure to meet the monetary threshold. His appeal is based on the contention that the permanency question was in sufficient dispute to preclude the grant of summary judgment. We agree.
Plaintiff is employed as a warehouseman and truck driver. It was his testimony, given some 16 months after the accident, that his performance of his normal job duties was still resulting in frequent episodes of pain and stiffness in his neck and upper back which interfered with his work and that he was still experiencing such episodes in the early mornings and following protracted periods of immobility. While neither his treating physician nor his consulting orthopedist testified at the summary judgment hearing, their written reports, two by each, were submitted. Both doctors noted in their initial reports observations of objective indicia of the claimed soft tissue injury. Their final reports noted significant improvement and their respective opinions suggested that while there was probably no permanent injury, there was the possibility of continued pain and periodic exacerbations of the injury into the indefinite future. The treating physician's final report was rendered five months before the hearing and that of the orthopedist seven months prior thereto.
In finding that plaintiff, beyond factual dispute, had not sustained a permanent injury the trial judge relied exclusively *546 on the medical reports, giving no evidential weight at all to plaintiff's testimony. We are satisfied that he erred in so doing. Plaintiff's testimony of continued and persistent sequelae, in view of the experts' much earlier opinions that such sequelae were not probable, clearly raised a question of fact as to the nature of the injury which plaintiff should have been permitted to further explore and attempt to prove at trial. In Elliott v. Simon, supra, at 498, we made clear that the summary judgment motion must be denied if plaintiff provides in opposition thereto "some indication" of the availability of evidential support for his claim that he sustained a permanently disabling soft tissue injury. We are satisfied that plaintiff had adequately done so here.
In our view, the error here was at least in part attributable to the procedural complexities of timing and mechanism which are involved in the determination of the threshold question, particularly in soft tissue injury cases. For this reason, we believe that a procedural overview is appropriate.
First, as we held in Fitzgerald v. Wright, supra, and later reaffirmed in Kaplan v. Singer Co., 158 N.J. Super. 62, 66 (App.Div. 1978), the meeting of the threshold, that is, either the monetary standard or the permanency standard, is an element of the automobile-negligence personal-injury cause of action which it is plaintiff's burden to plead and prove. If defendant has reason to believe, as a result of discovery or otherwise, that plaintiff has not met the threshold and is therefore not entitled to proceed with his tort action, it is defendant's obligation to seek a determination of that issue at the earliest practicable time by way of a motion for summary judgment. In considering the motion, the judge's first obligation is to decide if there is a genuine dispute of fact as to whether plaintiff has met at least one of the threshold criteria-either the monetary standard or the permanency standard. As we further held in Fitzgerald, that determination should ordinarily be made without obliging plaintiff to produce expert testimony. For purposes of resisting the motion, it is sufficient for plaintiff to submit his medical bills without customary testimonial foundation where the monetary *547 threshold is in dispute and written reports of experts, otherwise hearsay, where permanency is in dispute. If, based on these submissions and after affording defendant the opportunity of coming forward with contrary proofs, the judge concludes that plaintiff has failed to raise a genuine factual question as to his meeting of at least one threshold standard, then the motion must be granted and the complaint dismissed.
Thus far, the procedure is essentially the same whether the threshold criterion in dispute is the monetary standard or the permanency standard. If, however, the judge should determine that there is a legitimate factual dispute, then the ensuing procedure depends entirely on which of the two standards is in issue. If the factual question relates to the monetary standard, the judge himself is obliged to perform the factfinding function on a pretrial basis, placing the burden of proof on the plaintiff. If, however, permanency is in dispute, that issue must be determined at trial by the ultimate finder of fact, whether judge or jury, and if jury, ordinarily on special interrogatories.
We indicated in Fitzgerald v. Wright, supra, the basis for this distinction. Since the meeting of the threshold is an element of the cause of action, it should be subject to the same procedural rules which govern the proof and determination of any other elemental fact of any other cause of action. There is no conceptual reason why the permanency threshold question should not be subject to these rules. There is, furthermore, persuasive practical reason for not deviating from the usual procedural rules where permanency is fairly disputed since a pretrial judicial factfinding would not only deprive plaintiff of a jury determination on an element of his cause of action but would also, should he prevail at the pretrial hearing, impose upon him the onerous financial and logistical burden of producing his medical experts twice, first at the pretrial hearing and then again at trial.
There is, however, good reason, as we indicated in Fitzgerald, to require the exceptional technique of pretrial judicial determination where the dispute is as to the monetary standard. First, these disputes are considerably less complex than are permanency *548 disputes and are customarily susceptible to determination on the basis of documentary proofs. More significantly, however, the judicial pretrial factfinding is virtually compelled by that provision of the no-fault law, N.J.S.A. 39:6A-12, which renders inadmissible in evidence amounts collectible or paid for medical services under that law. Since this evidence, which is essential to determine the threshold issue, is intended by the Legislature to be withheld from the jury for purposes of its liability and damages verdicts, we concluded in Fitzgerald that considerations of public policy, common sense and practicality dictate that a jury not receive this evidence for purposes of making the threshold determination either. Thus, in order to avoid the necessity of impaneling a separate jury for this issue, it follows that the judge must make the determination himself. Since he must, it serves all interests that he do so as early in the course of the litigation as possible. Our point, of course, is that this judicial factfinding with respect to the monetary threshold is peculiar to that issue alone. The judicial function in respect of the permanency threshold is limited to determining whether a genuine factual issue exists. If it does, the jury or, in a nonjury trial, the judge, must be the ultimate arbiter.
For the reasons herein set forth, the summary judgment is reversed and the matter remanded for trial.