649 A.2d 911

REBECCA NEWMAN, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR CHANTEL NEWMAN, PLAINTIFF, v. CHARLES CAPPELLO AND WALTER NEWMAN, JR., DEFENDANTS.

WALTER NEWMAN, JR., PLAINTIFF, v. CHARLES CAPPELLO, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided June 10, 1994.

*Mark J. Molz* for plaintiff, Rebecca Newman.

*Gregory A. Drews* for defendant, Charles Cappello (*Martin & Simmonds,* attorneys).

*Karen Stickle* for defendant, Walter Newman (*Robert A. Auerbach,* attorney).

*Donald N. Elsas* for plaintiff, Walter Newman (*Elsas & Casel,* P.C., attorneys).

SCHLOSSER, J.S.C.

This matter comes before the court on a motion for summary judgment by defendant, Charles Cappello, against plaintiffs, Rebecca and Walter Newman, pursuant to the verbal threshold statute, which is applicable because of the election made by plaintiffs. The issue presented is whether the verbal threshold applies where the defendant's intentional conduct is the alleged cause of plaintiffs' injuries.

On February 22, 1991, plaintiff, Rebecca Newman, was a passenger in a pickup truck driven by her husband, plaintiff, Walter J. Newman, Jr. The Newman vehicle was proceeding northbound

on Route 295 in Burlington Township, New Jersey. Defendant, Cappello, stated at his deposition that he was chasing the Newman vehicle up to the time of the impact. He claims he was attempting to stop the Newman vehicle for a perceived traffic infraction. It is alleged by defendant that plaintiff, Walter Newman, had cut defendant off while defendant was driving in the left lane of Route 295 North. The drivers of the two vehicles exchanged unpleasantries before pulling off to the side of the road. Defendant, Cappello, claims that while both vehicles were stopped on the side of the road, plaintiff, Walter Newman backed into his vehicle and then sped away on Route 295. It was after the vehicles reentered Route 295 that the accident occurred.

According to defendant, Cappello, his left arm was out the window and he brandished a whiffle ball bat as he attempted to get plaintiff, Walter Newman, to pull over again. He swung at the Newman vehicle with this bat as both cars proceeded down the highway but did not strike the vehicle. The Cappello vehicle was in the center lane and the Newman vehicle was in the left lane. The vehicles came in contact with each other causing a collision. Two independent witnesses came forward after witnessing the collision. They certified in separate statements that they saw the Cappello vehicle strike the Newman vehicle which sent it careening into the median.

Plaintiffs filed separate lawsuits against defendant, Cappello, alleging claims for negligence and intentional tort. Subsequently, the cases were consolidated. Defendant, Cappello, brings this motion for summary judgment against plaintiffs alleging that their individual injuries are not sufficient to cross the verbal threshold. Plaintiffs have opposed this motion on the basis that, although they elected the verbal threshold, it does not apply because defendant acted intentionally in causing their injuries.

The narrow issue which I am asked to decide on this motion is whether the verbal threshold applies to a plaintiff where an intentional act is the alleged cause of the injuries sustained. This issue appears to be one of first impression in the State of

New Jersey, the resolution of which turns on the statutory interpretation of the No Fault Act. The specific sections in question are *N.J.S.A.* 39:6A–8, 39:6A–4, 39:6A–7.

The initial paragraph of *N.J.S.A.* 39:6A–8a identifies those who may utilize the verbal threshold defense. That section states in part that:

"Every owner, registrant, operator or occupant of an automobile to which ... personal injury protection coverage, regardless of fault, applies [39:6A–4] ... is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection and who is ... required to maintain the coverage mandated by this act...."

Thus, generally speaking, it would appear that where a defendant in a lawsuit is subject to PIP coverage under *N.J.S.A.* 39:6A–4, the verbal threshold may be used as a defense to any noneconomic loss claimed by a plaintiff who elected the verbal threshold. However, *N.J.S.A.* 39:6A–7a(2) limits the general rule and allows an insurer to exclude an otherwise eligible person from receiving PIP benefits under *N.J.S.A.* 39:6A–4 and 10 where such person's conduct contributed to his personal injuries or death while acting with the specific intent of causing injury or damage to himself or others. For example, in *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Miller's Estate*, 185 *N.J.Super.* 183, 447 *A.*2d 1344 (App.Div.1982) the court held that where the conduct of an injured person was intentional, PIP coverage was excludable for that injured intentional actor.

Thus, because *N.J.S.A.* 39:6A–7a(2) allows an insurer to exclude a person from PIP benefits under *N.J.S.A.* 39:6A–4 and 10 where that person acts intentionally, it follows that under *N.J.S.A.* 39:6A–8a, a defendant who is acting intentionally is no longer a person to whom *N.J.S.A.* 39:6A–4 applies and thus is not entitled to utilize the verbal threshold as a defense. Said another way, the verbal threshold defense is not available to a defendant who acts intentionally in bringing about a plaintiff's injuries.

This holding is consistent with the intent of the No Fault Act. Our Legislature did not envision a law which shielded from liability the intentional acts of a tortfeasor who uses an automobile like a weapon. If defendant were allowed to raise the defense that a plaintiff did not meet the verbal threshold, it would be akin to defendant's stating that, although I intentionally injured you with my automobile, you cannot recover damages from me for your pain and suffering because I did not hurt you badly enough. The verbal threshold defense was never intended to go this far.

In this case, because of the conflicting testimony submitted on behalf of the parties, a genuine issue of material fact exists as to whether or not the defendant's actions were intentional. Resolution of that issue must be left to the trier of fact. Should it be determined that defendant's actions were negligent rather than intentional, I find, as a matter of law, that Rebecca Newman's injuries have not crossed the verbal threshold. As to plaintiff, Walter Newman, I find that he has raised a genuine issue of material fact as to whether he has crossed the verbal threshold under type four.

Thus, the summary judgment motion of defendant against plaintiff, Rebecca Newman, will not be decided until the trier of fact resolves the intentional act/negligence issue. The summary judgment motion of defendant, Cappello, against plaintiff, Walter Newman, is denied.