860 A.2d 979

EDWARD K. WOODWORTH, PLAINTIFF–RESPONDENT,
v. PETER E. JOYCE, DEFENDANT–APPELLANT,
AND ROFEL T. FLORES, DEFENDANT.

ROFEL FLORES, PLAINTIFF–RESPONDENT, v. PETER E. JOYCE,
DEFENDANT–APPELLANT, AND JUDY BELINDA WILLIAMS
AND EDWARD K. WOODWORTH, DEFENDANTS.[1]

Superior Court of New Jersey
Appellate Division

Argued October 6, 2004—Decided November 24, 2004.

---

[1] The claims of Woodworth and Flores against Joyce and other defendants were consolidated in the Law Division.

Before Judges CONLEY, BRAITHWAITE and WINKELSTEIN.

*Michelle Wall* argued the cause for appellant, Peter E. Joyce (*Melli, Guerin & Wall, P.C.,* attorneys; *Ms. Wall,* of counsel; *Jennifer L. Sanyshyn,* on the brief).

*Dolores L. Aretsky* argued the cause for respondent, Edward K. Woodworth (*Aretsky & Aretsky,* attorneys; *Ms. Aretsky,* of counsel; *Eric J. Aretsky,* on the brief).

*Edward M. Colligan* argued the cause for respondent, Rofel Flores (*Colligan & Colligan,* attorneys; *Mr. Colligan,* on the brief).

The opinion of the court was delivered by

WINKELSTEIN, J.A.D.

The issue presented in this opinion is whether a driver who causes an accident while under the influence of alcohol is entitled to the benefits of the verbal threshold provision of an injured plaintiff's insurance policy. In this case, defendant Peter Joyce had a blood alcohol level of .16 at the time he caused an accident injuring plaintiffs. He pleaded guilty to driving under the influence. As a consequence, the Law Division ordered that he was "precluded from asserting the verbal threshold, and that all claims against [him] are governed by 'no threshold....'" We granted defendant leave to appeal and now reverse.

The facts are not in dispute. On March 21, 2000, plaintiffs, Edward Woodworth and Rofel Flores, and defendant were in an automobile accident on the George Washington Bridge. Plaintiffs allege that defendant negligently operated his vehicle, colliding twice with Woodworth's car and once with Flores's. Both plaintiffs were injured in the accident.[2]

Defendant has been employed as a full-time bartender since the 1970's. On the evening of the accident, he went to a restaurant in the Bronx, New York, where he drank "five or six" beers with his dinner. He left the restaurant and drove to a bar in Yonkers, where he had "four or five more" beers before leaving to drive home to Fort Lee. The accident occurred on his way home.

At his deposition, defendant testified that, "I guess I was under the influence of drinking and I had the accident. I did not know what went on. I don't know what happened." When asked

---

[2] In their briefs, plaintiffs argue that their injuries are sufficiently serious as to have satisfied the verbal threshold. That issue is not before us.

whether he was "drunk" at the time, he replied: "I guess I was." He had no memory of what happened before the police arrived at the accident scene; he was unable to describe what occurred, beyond colliding with a car.

An officer who responded to the scene smelled the odor of alcohol coming from defendant, who told a police officer, "I'm too drunk to drive." The arresting officer observed defendant "unable to walk," "staggering" and "swaying"; with "slobbering" and "slurred" speech. Defendant was taken to the police station, where his blood alcohol level was .16. He subsequently pleaded guilty to driving while intoxicated. The conviction marked his third violation of *N.J.S.A.* 39:4–50.

In the Law Division, defendant moved for summary judgment, claiming plaintiffs failed to satisfy the verbal threshold established in the 1998 Automobile Insurance Cost Reduction Act (AICRA), *N.J.S.A.* 39:6A–8a. Plaintiffs, claiming defendant should be precluded from raising the verbal threshold as an affirmative defense,[3] cross-moved for an order that the verbal threshold did not apply based upon "intentional and deliberate reckless acts by the defendant." The parties filed other motions that are not relevant to this appeal.

Following oral argument, the judge denied all motions with the exception of plaintiffs' motion to preclude defendant from benefit-

---

[3] At oral argument, defendant urged that the verbal threshold should be treated as part of plaintiffs' affirmative proofs, while plaintiffs asserted it was an affirmative defense. Although interesting, this is not an issue we need to decide to resolve the appeal. *See Oswin v. Shaw,* 129 *N.J.* 290, 307, 609 *A.2d* 415 (1992)(plaintiff's obligation to show material issue of fact as to whether verbal threshold has been met); *Hill v. Cochran,* 175 *N.J.Super.* 542, 546, 420 *A.2d* 1038 (App.Div.1980)(meeting threshold is element of plaintiff's cause of action); *Kaplan v. Singer Co.,* 158 *N.J.Super.* 62, 66, 385 *A.2d* 864 (App.Div.1978)(threshold is element of plaintiff's cause of action); *but cf. Cappadona v. Eckelmann,* 159 *N.J.Super.* 352, 357, 388 *A.2d* 239 (App.Div.1978)(tort exemption is affirmative defense, not an element of a plaintiff's cause of action); *Rescigno v. Picinich,* 151 *N.J.Super.* 587, 598, 377 *A.2d* 733 (Law Div.1977)(tort exemption is affirmative defense); Pressler, *Current N.J. Court Rules,* comment 25.5 on *R.* 4:5–4 (2005)("verbal threshold; AICRA" listed as affirmative defense).

ing from the verbal threshold provisions of plaintiffs' automobile insurance policies. The judge rested her decision on *N.J.S.A.* 39:6A–4.5b, which precludes an injured person, convicted of operating a motor vehicle while under the influence of alcohol in connection with an accident, from having a cause of action to recover damages. The statute says:

> Any person who is convicted of, or pleads guilty to, operating a motor vehicle in violation of [*N.J.S.A.* 39:4-50—driving under the influence], or a similar statute from any other jurisdiction, in connection with an accident, shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of the accident.
>
> [*N.J.S.A.* 39:6A–4.5b.]

The Law Division construed this provision as barring defendant from benefiting from the verbal threshold provisions of plaintiffs' insurance policies. To arrive at this conclusion, the court relied upon New Jersey's public policy of discouraging drivers from operating their vehicles while under the influence of alcohol. The judge said the "entire purpose" of *N.J.S.A.* 39:6A–4.5b was "in furtherance of deterrence of drunk-drivers on our roads, and to keep them from having any advantage, economic or noneconomic advantage, if there is an accident in which injuries occur." While we agree that New Jersey has a strong public policy against driving while under the influence of alcohol, we do not agree that *N.J.S.A.* 39:6A–4.5b precludes a defendant who was intoxicated in connection with an accident from benefiting from the verbal threshold provision of the injured plaintiff's insurance policy.

New Jersey automobile liability insurance laws require owners of motor vehicles registered or principally garaged in this State to maintain "minimum amounts of standard, basic, or special liability insurance coverage for bodily injury, death, and property damage caused by their vehicles." *Caviglia v. Royal Tours of Am.*, 178 *N.J.* 460, 466, 842 *A.*2d 125 (2004)(citing *N.J.S.A.* 39:6B–1). Each insurance policy must include a package of " 'personal injury protection (PIP) benefits,' that guarantees, without regard to fault, medical expense benefits to the named insured and his family household members in the event they suffer bodily injury in an

automobile accident." *Ibid.* (citing *N.J.S.A.* 39:6A–4); *see generally N.J.S.A.* 39:6A–1 to –35 (the 1972 New Jersey Automobile Reparation Reform Act, commonly referred to as the No Fault Act).

Objectives of this no fault system include: providing benefits promptly and efficiently to all accident injury victims (the reparation objective); reducing or stabilizing the cost of automobile insurance (the cost objective); making insurance coverage readily available for automobile owners (the availability objective); and streamlining judicial procedures involved in third-party claims (the judicial objective). *Caviglia, supra,* 178 *N.J.* at 466–67, 842 *A.*2d 125. Implicit in these objectives is the need "to eliminate minor personal-injury-automobile-negligence cases from the court system." *Roig v. Kelsey,* 135 *N.J.* 500, 510, 641 *A.*2d 248 (1994). As the no fault laws have "evolved, the goals of increased insurance availability and cost-containment have become at least as important as the goal of reparation." *Caviglia, supra,* 178 *N.J.* at 474, 842 *A.*2d 125.

AICRA, the most recent no fault enactment, is "a cost-containment initiative enacted as a refinement [of New Jersey's] no fault automobile insurance system...." *Casinelli v. Manglapus,* 181 *N.J.* 354, 359, 858 *A.*2d 1113 (2004). "The legislative findings and declarations underlying AICRA are unequivocal; cost containment, fraud avoidance and a fair rate of return to insurers." *Ibid.* (citing *N.J.S.A.* 39:6A–1.1(b)). AICRA was enacted to "further limit the number of lawsuits filed and thereby reduce premiums for bodily injury coverage...." *Id.* at 361, 858 *A.*2d 1113 (quoting Sponsor's Statement to Senate Bill No. 3, at 59 (April 2, 1998)).

The AICRA provision that exempts a defendant from tort liability, defining the "verbal threshold," is *N.J.S.A.* 39:6A–8a.

a. Limitation on Lawsuit Option. Every owner, registrant, operator or occupant of an automobile to which [*N.J.S.A.* 39:6A–4], personal injury protection [PIP] coverage . . regardless of fault, applies, ... is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection and who is either a person who is required to maintain personal injury protection coverage ... or is a person who has a right to receive [PIP] benefits under [*N.J.S.A.* 39:6A–4] as a

result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, unless that person has sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.....

A two-part test is required to determine if an injured plaintiff is subject to this threshold.

The first prong directs an examination of the status of the defendant, namely, whether the defendant is the owner or operator of an "automobile" and is entitled to receive no-fault PIP benefits under *N.J.S.A.* 39:6A–4.... The second prong focuses on the plaintiff's "characteristics," namely whether plaintiff is a person who is:

(a) "subject to" the verbal threshold statute *and* (b)(i) is required to maintain PIP coverage, *or* (ii) has a right to receive PIP benefits under *N.J.S.A.* 39:6A–4. [*Beaugard v. Johnson,* 281 *N.J.Super.* 162, 167–68, 656 *A.*2d 1282 (App.Div.1995) (citing *Weiss v. Thomas,* 274 *N.J.Super.* 37, 41–42, 643 *A.*2d 29 (App.Div.1994)).]

That test has been met in this case. At the time of the accident, defendant had an automobile insurance policy in effect that entitled him to receive PIP benefits under *N.J.S.A.* 39:6A–4; and each plaintiff maintained verbal threshold coverage in his own automobile insurance policy. Consequently, the verbal threshold applies to plaintiffs' causes of action. Nonetheless, relying on what she believed to be the legislative intent behind *N.J.S.A.* 39:6A–4.5b, the motion judge precluded defendant from that statutory entitlement. We disagree.

 In deriving legislative intent, the first step is to consider the statute's plain meaning, *Mody v. Brooks,* 339 *N.J.Super.* 392, 395, 772 *A.*2d 21 (App.Div.2001), in the context of the entire legislative scheme. *Kimmelman v. Henkels & McCoy, Inc.,* 108 *N.J.* 123, 129, 527 *A.*2d 1368 (1987). When a statute is clear on its face, we need not look beyond its words and phrases for its intent. *State v. Churchdale Leasing, Inc.,* 115 *N.J.* 83, 101, 557 *A.*2d 277 (1989); *Beaugard, supra,* 281 *N.J.Super.* at 169, 656 *A.*2d 1282. Here, the plain meaning of *N.J.S.A.* 39:6A–4.5b is clear. A person convicted of driving under the influence of alcohol in connection with an automobile accident "shall have no cause of action" to recover damages suffered in the accident. The statute limits a

plaintiff's right to recover damages—it does not prohibit a defendant from benefiting from a plaintiff's verbal threshold coverage.

Construing the statute in the context of the overall no fault legislation reinforces this conclusion. In an effort to keep down insurance costs, the Legislature placed restrictions on the right of an injured party to sue for damages. *Caviglia, supra,* 178 *N.J.* at 466–67, 842 *A.2d* 125. AICRA exempts a defendant from tort liability to a plaintiff who has chosen the no fault option unless the plaintiff's injuries result in "death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." *N.J.S.A.* 39:6A–8a. The statute upon which the motion judge relied imposes further limitations. It denies a cause of action for both economic and noneconomic damages sustained in automobile accidents to persons who operate their vehicles without insurance; drive while under the influence of alcohol or drugs; or act with the intent to injure others while driving. *See N.J.S.A.* 39:6A–4.5.

Each of these provisions, which limit an injured party's right to recovery, further the objectives of the no fault system; they reduce or stabilize the cost of automobile insurance and make coverage more readily available. Neither statute expands a party's right to recover damages, which is the result of the trial court's ruling in this case. By denying defendant the benefits of plaintiffs' verbal threshold coverage, plaintiffs, who have paid lower premiums than would have been required for the no threshold option, are given the right to recover damages for minor injuries. This result is antithetical to the goals underlying AICRA—it would not keep down the cost of insurance, increase its availability, or keep minor personal injury cases out of the court system.

In arriving at its decision, the Law Division construed *N.J.S.A.* 39:6A–4.5b to be an expression of New Jersey's strong public policy against driving while intoxicated. *See Caviglia, supra,* 178 *N.J.* at 474, 842 *A.2d* 125 ("One public policy rationale behind

*N.J.S.A.* 39:6A–4.5 is to deter drunk driving …"). We are mindful of that policy. But, though deterrence of drunk driving was one rationale behind the statute, effectuation of that policy was neither the only, nor, in fact, was it the announced, goal of the no fault legislation in which it was included.

*N.J.S.A.* 39:6A–4.5b "was adopted as part of section 13 of *L.* 1997, *c.* 151, An Act Concerning Automobile Insurance and Revising Various Parts of the Statutory Law." *Camp v. Lummino,* 352 *N.J.Super.* 414, 417, 800 *A.*2d 234 (App.Div.2002). It was only one provision of many in a bill addressing "numerous aspects concerning enforcement against insurance fraud." 1997 N.J. Sess. Law Serv. 151 (West). According to the Senate Statement (No. 2223) to the bill, its goal was to reduce insurance fraud and, consequently, lessen the cost of automobile insurance. *Camp, supra,* 352 *N.J.Super.* at 417, 800 *A.*2d 234. Said another way, the statute was a component of a larger statutory scheme enacted to keep insurance costs down.

This goal is not met when *N.J.S.A.* 39:6A–4.5b is construed to apply when it is the defendant who is the drunk driver. Just the opposite. By converting plaintiffs' no fault coverage into "no threshold" coverage, the court opened the door for plaintiffs to recover for minor injuries, thereby increasing the cost of automobile insurance and lessening its availability. This result could not have been what the Legislature intended when it enacted *N.J.S.A.* 39:6A–4.5b.

No doubt the Legislature is empowered to preclude an intoxicated driver from benefiting by the verbal threshold. It has not, however, chosen to do so. *N.J.S.A.* 39:6A–4.5b does not, either by its plain terms or in the context of the comprehensive no fault legislation, preclude a defendant from benefiting from the verbal threshold's limitations on liability.

In support of their argument that public policy should prevent defendant from benefiting from the verbal threshold, plaintiffs rely on *Newman v. Cappello,* 277 *N.J.Super.* 373, 649 *A.*2d 911 (Law Div.1994). That was a case of road rage. Subsequent to an

argument, the defendant followed the plaintiff's vehicle in his car. While holding his arm out the window brandishing a whiffle ball bat, the defendant attempted to force the plaintiff off the road. *Id.* at 375, 649 *A*.2d 911. The defendant struck the plaintiff's car with his own, sending "it careening into the median," injuring the plaintiff. *Ibid.* The Law Division determined that because the defendant was acting with the specific intent of causing injury to the plaintiff when the accident occurred, the defendant was barred by the exclusionary provision of *N.J.S.A.* 39:6A–7a(2) from raising the verbal threshold. That statute reads:

> a. Insurers may exclude a person from [PIP] benefits ... if that person's conduct contributed to his personal injuries or death occurred in any of the following ways:
>
> (1) while committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer; or
>
> (2) while acting with specific intent of causing injury or damage to himself or others.
>
> [*N.J.S.A.* 39:6A–7.]

In applying a(2) of this provision, the judge reasoned that the defendant was prevented from receiving PIP benefits because of his intentional conduct in causing the plaintiff to be injured. As a result, the verbal threshold limitations contained in the plaintiff's insurance policy did not apply. *Newman, supra,* 277 *N.J.Super.* at 376, 649 *A*.2d 911; *see also Beaugard, supra,* 281 *N.J.Super.* at 167, 656 *A*.2d 1282 (for plaintiff to be subject to verbal threshold, defendant must be entitled to receive PIP benefits under *N.J.S.A.* 39:6A–4).

Plaintiffs here make a similar argument. They claim that defendant's intoxication, in light of the surrounding circumstances, amounted to intentional conduct that would preclude his entitlement to PIP benefits and consequently prevent him from taking advantage of the verbal threshold provisions of plaintiffs' insurance policies. That argument, however, is not persuasive.

We are cognizant that intoxication, when combined with aggravating circumstances, may constitute intentional conduct for purposes of the imposition of punitive damages. *Dong v. Alape,* 361

*N.J.Super.* 106, 118, 824 *A.*2d 251 (App.Div.2003). And here, an argument could be made that aggravating factors were present. Defendant had multiple convictions for drunk driving. He was a career bartender, who presumably knew the effects of excessive drinking on one's ability to drive, when he attempted to drive home after consuming ten to twelve drinks. At the time of the accident, he was intoxicated to the point that he was unable to recall what happened. Immediately after the accident, he was observed by a police officer to be staggering, slobbering and swaying. His blood alcohol level was .16, double the current legal limit. *See N.J.S.A.* 39:4–50(a).

That these factors could conceivably be found to constitute intentional conduct, does not, however, mean defendant is precluded by *N.J.S.A.* 39:6A–7, or any other statute that we are aware of, from benefiting from the verbal threshold provisions of plaintiffs' insurance policies. The Legislature has limited the scope of *N.J.S.A.* 39:6A–7 to a defendant who, in connection with an accident, has committed a "high misdemeanor or felony"; was "seeking to avoid lawful apprehension or arrest by a police officer"; or was "acting with specific intent of causing injury or damage to himself or others." *N.J.S.A.* 39:6A–7a(1) & (2). Plaintiffs concede that defendant's conduct here does not meet these criteria. We should not by judicial fiat extend the reach of the statute to a class of persons beyond those whom the Legislature has designated.

Legislative preconditions to the right to sue are common. *See Caviglia, supra,* 178 *N.J.* at 475–76, 842 *A.*2d 125; *N.J.S.A.* 2A:14–2 (statute of limitations); *N.J.S.A.* 59:8–8 (tort claims notice); *N.J.S.A.* 2A:53A–27 (affidavit of merit in medical malpractice lawsuits). Conditions on the right to defend are not. Though *N.J.S.A.* 39:6A–4.5b bars an affirmative claim for compensation for injuries sustained in an automobile accident, *Mody, supra,* 339 *N.J.Super.* at 401, 772 *A.*2d 21, it does not prevent a defendant from benefiting by the verbal threshold provision of an injured plaintiff's insurance policy.

Reversed and remanded for further proceedings consistent with this opinion.